UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABDEL SELIMOVIC and ALINA SELIMOVIC, a minor.<br><br>Plaintiff(s),<br><br>v.<br><br>SOUTH SIDE ASSOCIATES LLC and JOSEPH WEISS,<br><br>Defendant(s). | Civil Action No.:_____<br><br>**JURY TRIAL DEMANDED** |

## **INTRODUCTION**

1. This action is brought by Plaintiffs to secure redress for Defendant Joseph Weiss's violation of his civil right to be free from employment discrimination on the basis of his religion.

2. Plaintiff Abdel Selimovic further alleges that throughout his employment by Defendants, Defendants actions included, but were not limited to, withholding wages, unjust enrichment, breach of contract, and harassing Plaintiff and making threatening comments to intimidate Plaintiff.

3. Plaintiff Abdel Selimovic and Alina Selimovic further allege they were injured as a result of the negligence of Defendants' breach of warrant of habitability. Plaintiff Abdel Selimovic is the live-in Superintendant for Defendants' who failed to provide Plaintiffs with a safe and livable environment.

4. Plaintiffs further allege they were injured as a result of exposure to this unsafe living environment provided to them by Defendants.

**JURISDICTION AND VENUE**

5. This Court's jurisdiction is based upon 28 U.S.C. § 1331 (Federal Question), specifically, Title VII of the Civil Rights Act of 1964. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those derive from a common nucleus of operative facts. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue is appropriate under 28 U.S.C. § 139l(b) and (c) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district. In addition, Defendants regularly conduct business in this district and are subject to personal jurisdiction in this district

**JURY DEMAND**

7. Plaintiffs do demand a jury trial in this action.

**PARTIES**

8. Plaintiff Abdel Selimovic ("Abdel") is a citizen of the State of New York residing at 946 Bushwick Street, Basement, Brooklyn, NY 11221. 23-25 65th Street, Apt. D3, Brooklyn, NY 11204.

9. Plaintiff Alina Selimovic ("Alina") is a minor and daughter of Abdel and citizen of the State of New York, residing at 1710 Lafayette Street, Apt. 3C, Bronx, NY 10473.

10. Defendant South Side Associates LLC ("South Side Associates"), upon information and belief, is a business corporation organized and existing under the laws of the State of New York with a principal place of business 331 Rutledge Street #208, Brooklyn, NY 11211.

11. Defendant Joseph Weiss ("Joseph Weiss"), upon information and belief, is the

principal of South Side Associates LLC with a principal place of residence located at 331 Rutledge Street #208, Brooklyn, NY 11211.

## FACTS

8. For over one and one half years, Abdel has worked as the live-in Superintendent of the building at 946 Bushwick Street, Brooklyn, NY 11221. During the entire one and one half year period Abdel has been employed by South Side Associates LLC, Abdel has been an excellent and diligent Superintendent. Abdel has been loyal and dedicated to his work on behalf of the building and South Side Associates LLC and the vast majority of the tenants of the building have praised Abdel's diligence, industriousness and loyalty.

12. Abdel was hired by Joseph Weiss, an agent of South Side Associates LLC, on or about September 1, 2014, and enjoyed an excellent working relationship as the Superintendent of South Side Associates LLC with the tenants and management of the buildings. Abdel's responsibilities at the buildings he was Superintendent for were broad, including the maintenance on the boiler, heating, water, removal of garbage and debris, painting, and security.

13. Abdel is a practicing Muslim and has been adherent of Islam since birth. During the course of his employment, Abdel was discriminated against on the basis of his religion by the Defendant, Joseph Weiss.

14. On or about August 11, 2015, Joseph Weiss was driving with Abdel in Mr. Weiss's vehicle along Flushing Avenue in Brooklyn, New York, and commenced an unwelcome discussion with Abdel on the topic of religious views. Specifically, Joseph Weiss questioned Abdel if he was a Muslim, to which Plaintiff confirmed his faith. Joseph Weiss then asked Abdel "You're not bad like these Muslim people who do bad stuff?" to which Abdel repeatedly denied and insisted that he was in no way associated with terrorists or radical Muslims. Joseph Weiss

continued to question Abdel on his religious views, specifically asking Abdel how he felt about Israeli people. Abdel reiterated to Joseph Weiss that he has "no problems with any people."

15.     Abdel alleges that from that day forward, throughout the course of his employment, Joseph Weiss began to look at Abdel differently and gave him difficult tasks to perform for the next four months. Abdel was made to perform work for Joseph Weiss far exceeded his responsibilities as Superintendent, and for which he did not receive any compensation whatsoever. Defendants promised to pay Abdel for these additional responsibilities but failed to do so. This uncompensated work included installation of sheetrock, flooring, molding, bathroom and kitchen tiles, and removal of garbage and debris for the Defendants' buildings located at 946 Bushwick Street Apt. 1A, Brooklyn, NY, 1075 Green Avenue, Brooklyn, NY, and 1024 Hosey St., Apt. 3R, Brooklyn, NY. In addition, Abdel painted over twenty apartments for Defendants for which he was not compensated for. Abdel is owed approximately $110,000.00 for this uncompensated work that was promised to be paid to Abdel by Defendants.

16.     Further, Abdel entered into an agreement with Defendants, in which Defendants agreed to pay Abdel a salary of $1,000.00 per week for his duties as Superintendant. Abdel worked for Defendants pursuant to said agreement for approximately one and one half years receiving only $900.00 per week from Defendants.

17.     On or about December 18, 2015, Abdel was abruptly terminated from his position as Superintendant by Defendants.

18.     Abdel is owed an additional $6,700.00 for his unpaid duties as superintendant. There remains unpaid to Abdel the sum of $116,700.00 (plus interest accrued) for Plaintiff's work for Defendants.

19. Abdel has repeatedly demanded payment of the aforementioned sums from Defendants, and payment has still not yet been received.

20. As a result of Defendants' discriminatory behavior towards Abdel on the basis of his religion, and its subsequent termination of Abdel, Abdel lost his source of income and experienced emotional distress.

21. Further, as part of Abdel's agreement with Defendants, Abdel was given the basement of Defendants' building located at 946 Bushwick Street, Brooklyn, NY to reside in as Superintendant. Abdel's children, all of whom are minors, including Plaintiff Alina Selimovic, reside with Abdel at this basement on the weekends.

22. Abdel repeatedly complained to Joseph Weiss about the uninhabitable living conditions at 946 Bushwick Street, Brooklyn, NY, including possible exposure to asbestos, uncomfortable level of heat due to overhanging pipes, and inadequate ventilation of the basement.

23. Abdel and Alina Selimovic received medical treatment for illness resulting from exposure to this uninhabitable basement. See medical records annexed hereto as **Exhibit A**.

24. On or about December 17, 2015, at the request of Plaintiff, the New York Department of Health and Mental Hygiene, Division of Environmental Health conducted an inspection of the basement. Findings included an uncomfortable level of heat with an ambient temperature of 79 degrees Fahrenheit, as well as suspended heating pipes and inadequate ventilation. Attached please find description of findings annexed hereto as **Exhibit B**.

25. On or about December 30, 2015, the New York City Department of Buildings conducted an inspection of the basement. Violations by Defendants included work conducted on

the basement without a permit and illegal occupancy of the unit. Attached please find notice of violation and hearing annexed hereto as **Exhibit C**.

26. On or about January 1, 2016, Plaintiffs vacated the basement premises and were provided shelter by The American National Red Cross. Abdel presently resides in this shelter.

## FIRST CLAIM FOR RELIEF

### (Title VII of the Civil Rights Act of 1964 against Defendants)

29. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

30. Defendants violated Title VII of the Civil Rights Act of 1964 by discriminating against the Plaintiff in the terms, conditions, and privileges of his employment on the basis of his religion.

31. That as a result of the Defendants violation of Title VII of the Civil Rights Act of 1964 the Plaintiff has sustained lost wages, salary, and employment benefits.

32. That the Plaintiffs additionally seek interest, liquidated damages, costs, and attorney's fees.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

34. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

35. Abdel and Defendants entered into an oral agreement for Abdel's wages to paid for his duties as Superintendant for Defendants and for the additional work performed by Abdel at the request of Defendants.

36. To this day, Defendants have failed to pay Abdel for work performed.

37. Defendants failure to pay Abdel his owed wages represents a clear breach of contract of the agreement between Defendants and Abdel.

38. That the Plaintiffs additionally seek interest, liquidated damages, costs, and attorney's fees.

### THIRD CLAIM FOR RELIEF

**(Negligence)**

39. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40. Defendants owned the building where Plaintiffs resided. As part of the agreement with Abdel, Defendants knowingly provided Plaintiffs with an uninhabitable living space. As a result, Defendants owed Plaintiffs a duty of care.

41. Defendants knew, or should have known, that basement in their building was poorly maintained, uninhabitable, and in violation of several New York City Department of Buildings laws.

42. That the Plaintiffs additionally seek interest, liquidated damages, costs, and attorney's fees.

**WHEREFORE,** Plaintiffs respectfully requests the following relief:

(A) On the First Cause of Action awarding judgment against Defendants in an amount to be determined at trial, but not less than $333,333.00;

(B) On the Second Cause of Action awarding judgment against Defendants in an

    amount to be determined at trial, but not less than $333,333.00;

(C) On the Third Cause of Action awarding judgment against Defendants in an amount to be determined at trial, but not less than $333,333.00;

(D) Granting Plaintiffs such other and further relief as this Court may deem just and proper.

Dated: January 20, 2015

                                    Respectfully submitted,

                                    By: */s/ Gregory O. Koerner*
                                    Gregory O. Koerner, Esq.
                                    Koerner & Associates, LLC
                                    Attorneys for Plaintiffs
                                    233 Broadway, Suite 2208
                                    New York, New York 10279
                                    Tel. (212) 461-4377
                                    Fax (212) 453-0658
                                    gkoerner@koerner-associates.com

TO:    South Side Associates LLC
          331 Rutledge Street #208
          Brooklyn, NY 11211

          Joseph Weiss
          331 Rutledge Street #208
          Brooklyn, NY 11211