UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ABDEL SELIMOVIC; and
ALINA SELIMOVIC,

                Plaintiffs,                        **MEMORANDUM AND ORDER**
                                                          16-CV-298 (RRM) (ST)
    - against -

SOUTH SIDE ASSOCIATES LLC; and
JOSEPH WEISS,

                Defendants.
-----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       Abdel and Alina Selimovic bring this action against South Side Associates LLC ("South Side") and Joseph Weiss, alleging Title VII violations, 42 U.S.C. § 2000e *et seq*, as well as breach of contract, and negligence. (Compl. (Doc. No. 1).) The Selimovics seek leave to amend their complaint to include a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. (*See* 4/14/2017 Letter (Doc. No. 22); 6/15/2017 Letter (Doc. No. 24).) For the reasons set forth below, the Court denies leave to amend the complaint.

## BACKGROUND

       Unless otherwise indicated, the following facts are taken from the Selimovics' complaint, and are assumed true for the purposes of this Order. Between September 1, 2014 and December 17, 2015, Abdel Selimovic worked as a live-in superintendent in a building that South Side allegedly owned. (Compl. at 3, 5, 7.)[1] Weiss hired Abdel Selimovic as a superintendent. (*Id.* at 3.) Selimovic received a weekly salary, and, as part of his compensation, lived in the basement

---

[1] For ease of reference, citations to Court documents refer to Electronic Case Filing ("ECF") pagination.

of the building. (*Id.* at 5.) Alina Selimovic, Abdel's daughter, lived with Abdel in his basement apartment on the weekends. (*Id.* at 5.) Abdel was fired in December 2015. (*Id.* at 4.)

In the complaint, the Selimovics allege that the defendants violated Title VII by discriminating against Abdel on the basis of his religion. (*Id.* at 6.) The Selimovics further allege that the defendants breached their contract by failing to pay Abdel for some of the work he performed, and that their failure to maintain an inhabitable basement amounted to negligence. (*Id.* at 6–7.)

On March 23, 2017, the Court ordered the Selimovics to file a letter: (1) updating the Court as to whether the parties met and conferred; (2) responding to the defendants' proposed motion to dismiss for failure to state claim; and (3) setting forth the legal and factual bases on which they seek to amend their complaint. (*See* 3/23/2017 Order.) The Selimovics filed a letter, but it failed to adequately address the issues outlined in the Court's March 23 Order, and the Court gave the plaintiffs until April 24, 2017 to file an additional letter. (*See* 4/17/2017 Order.) The Selimovics failed to file a letter by that deadline, and the Court issued an Order to Show Cause, directing the plaintiffs to file a letter that complies with the Court's April 17, 2017 Order. (*See* 6/7/2017 Order.)

On June 15, 2017, the Selimovics filed another letter in which they sought leave to amend the complaint in order to add a claim under the FLSA, in addition to the Title VII, breach of contract, and negligence claims already in the complaint. (6/15/2017 Letter (Doc. No. 24) at 2.) They attached a proposed amended complaint, which purports to add an FLSA claim against the defendants. (Proposed Amended Compl. (Doc. No. 24-1).) The proposed amended complaint, however, does not include a new FLSA cause of action. Indeed, the only difference between the original complaint and the proposed amended one is the addition of paragraphs 27

2

and 28, which state, in their entirety, "Defendants have failed to pay Plaintiff for the significant over-time compensation accrued during his one and half years of work for defendants. Plaintiff performed duties as a live-in superintendant [sic] at a building owned and operated by the Defendants. As part of Plaintiff's duties, he was required to be on-call 24/7, surpassing the 40-hour per week threshold as set forth by the FLSA." (*Id.* at 6.) The amended complaint includes no additional causes of action.

## DISCUSSION

Federal Rule of Civil Procedure 15(a), which governs a motion to amend a complaint, provides that courts should give parties leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). While "[l]eave to amend should be freely granted . . . the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164–65 (2d Cir. 2015). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

In this case, the proposed amendment is futile because it does not state a new cause of action. To the extent that the proposed amended complaint purports to add an FLSA claim, it cannot withstand a motion to dismiss for the simple reason that the Selimovics never even allege an FLSA violation, let alone state a claim with sufficient facts to plausibly allege one. (*See generally* Proposed Amended Compl.) The only mention of the FLSA in the proposed amended complaint is that Abdel had to be on-call 24 hours a day, which "surpass[es] the FLSA's 40-hour

3

per week threshold," and that the defendants have not paid Selimovic the overtime he is due. (Amended Compl. ¶ 28.) This falls far short of stating a claim under the FLSA. First, the FLSA does not impose a ban on working more than 40-hours a week. *See* 29 U.S.C. § 207(a)(1). ("[N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."). The proposed amended complaint also does not allege that Abdel is an "employee" or that the defendants are an "employer" under the FLSA. 29 U.S.C. § 203(d)–(e). Indeed, the defendants provide some evidence suggesting that they are not Abdel Selimovic's employer. (Def. Ex. A (Doc. No. 25-1) at 9.) The Selimovics do not allege that the defendants are an enterprise with a gross annual volume of business that exceeds $500,000. 29 U.S.C. § 203(s). In addition, Abdel Selimovic does not allege how many hours he worked per week.

As a result, the Selimovics failed to adequately plead an FLSA violation. The proposed amended complaint, therefore, does not include any additional bases for relief and is functionally equivalent to the original complaint. Amendment is thus futile, and the Court denies the Selimovics' proposed amended complaint.

## CONCLUSION

Accordingly, the Court denies the Selimovics' leave to amend the complaint.[2]

SO ORDERED.

Dated: Brooklyn, New York
  March 27, 2019

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[2] To the extent the defendants still seek sanctions (Doc. No. 25 at 5), they may address this in their motion to dismiss.