Rashmee Sinha, Esq.
NORRIS MCLAUGHLIN, P.A.
875 Third Avenue, 8th Floor
New York, New York 10022
Tel: (917) 369-8890
*Attorneys for Defendants South Side Associates, LLC, and Joseph Weiss*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABDEL SELIMOVIC<br>and ALINA SELIMOVIC, a minor<br><br>                    Plaintiffs,<br><br>     - against -<br><br>SOUTH SIDE ASSOCIATES LLC and JOSEPH WEISS,<br><br>                 Defendants | Civil No. 16-cv-00298 (RRM)(SLT)<br><br>**ECF CASE** |

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT
## AND/OR FOR SUMMARY JUDGMENT

RASHMEE SINHA
NORRIS MCLAUGHLIN, P.A.
875 Third Avenue, 8th Floor
New York, New York 10022
Tel: 917-369-8890
Fax: 212-808-0844
rsinha@norris-law.com
*Attorney for Defendants*
*South Side Associates, LLC, and Joseph Weiss*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF RELEVANT FACTS ............................................................. 2

PROCEDURAL HISTORY ................................................................................ 2

STANDARD OF REVIEW ................................................................................. 3

          A.    MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) .................... 3

          B.    MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) ................... 4

          C.    MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.
              R. CIV. P. 56 .................................................................................................. 5

LEGAL ARGUMENT .......................................................................................... 6

POINT I       THIS COURT LACKS SUBJECT MATTER JURSDICTION
              OVER THIS ACTION .......................................................................... 6

          A.    ABDEL'S TITLE VII CLAIM (COUNT I) MUST BE
                  DISMISSED FOR LACK OF SUBJECT MATTER
                  JURISDICTION BECAUSE PLAINTIFF ABDEL SELIMOVIC
                  FAILED TO EXHAUST HIS ADMINISTRATIVE
                  REMEDIES ................................................................................... 6

POINT II      THIS COURT LACKS JURISDICTION OVER DEFENDANT SOUTH
              SIDE ASSOCIATES, LLC, SINCE IT IS NOT PLAINTIFF, ABDEL
              SELIMOVIC'S EMPLOYER ................................................................ 8

POINT III     SOUTH SIDE ASSOCIATES IS AN EXEMPT EMPLOYER WITH
              FEWER THAN 15 EMPLOYEES AND THEREFORE NOT
               SUBJECT TO TITLE VII ................................................................... 10

POINT IV    THE TITLE VII CLAIM SHOULD BE DISMISSED AS AGAINST
              DEFENDANT JOSEPH WEISS, SINCE INDIVIDUAL
              DEFENDANTS MAY NOT BE HELD PERSONALLY LIABLE
              UNDER THE STATUTE .................................................................... 11

POINT V     THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL
              JURISDICTION OVER THE STATE LAW CLAIMS ..................... 11

POINT VI    ALINA'S SOLE STATE LAW CLAIM MUST BE DISMISSED ............. 14

CONCLUSION ................................................................................................... 16

## TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

*Afzal v. Flushing Hosp., New York*,
  2016 WL 1171546 (E.D.N.Y. March 23, 2016) ..........................................................7

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242, 106 S.Ct. 2505 (1986) ................................................................5, 6

*Arculeo v. On-Site Sales & Mktg., LLC*,
  425 F.3d 193 (2d Cir. 2005) ..........................................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ..................................4

*Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*,
  968 F. 2d 196 (2d Cir. 1992) ..........................................................................4

*Beachum v. AWISCO N.Y & Local 810*,
  No. 09—CV-7399 (RJS), 2011 U.S. Dist. LEXIS 28856, 2011 WL 1045082
  (Mar. 16, 2011) ..........................................................................................12

*Bernstein v. The MONY Group, Inc.*,
  228 F. Supp. 2d 415 (S.D.N.Y. 2002) ..........................................................13

*Best v. Duane Read Drugs*,
  14 Civ. 2648, 2014 WL 5810105 (S.D.N.Y. Nov. 6, 2014) ..............................8

*Carnegie-Mellon Univ. v. Cohill*,
  484 U.S. 343 (1988) ....................................................................................14

*Celotex v. Catrett*,
  477 U.S. 317, 106 S.Ct. 2548 (1986) ............................................................5

*Chambers v. Time Warner, Inc.*,
  282 F.3d 147 (2d Cir.2002) ..........................................................................5

*Constantine v. U-Haul Intl., Inc.*,
  15 Civ. 0104 (MAD)(CFH), 2015 WL 7272211 (N.D.N.Y Nov. 16, 2015) ..............8

*Cortlandt St. Recovery Corp. v. Hellas Telecomms. I, S.a.r.l*,
  790 F.3d 411 (2d Cir. 2015) ..........................................................................4

*Cruz v PS1 Contemporary Art Ctr.*,
  10-cv-4899 (RRM)(JMA), 2011 WL 3348097 (E.D.N.Y. Aug. 1, 2011) ........................12, 13

*Doyle v. Midland Credit Mgmt., Inc.*,
  722 F.3d 78 (2d Cir. 2013)..............................................................................................3

*Drescher v. Shatkin*,
  280 F.3d 201 (2d Cir. 2002)...........................................................................................10

*Fitzgibbons v. Putnam Dental Ass., P.C.*
  368 F. Supp. 339 (S.D.N.Y. 2005) ............................................................................10, 13

*Floyd v. Lord & Taylor*,
  96 Fed. Appx. 792 (2d Cir. 2004)....................................................................................7

*Gachette v. Metro N. High Bridge*,
  12 Civ. 3838 (AJN), 2013 WL 144947 (S.D.N.Y. Jan. 14, 2013)...........................................8

*Gindi v Bennett*,
  15-cv-6475 (RRM)(MDG), 2016 WL 3461233 (E.D.N.Y. June 20, 2016),
  *reconsideration denied sub nom. Gindi v New York City Dept. of Educ.*, 15-
  cv-6475 (RRM)(RER), 2017 WL 58833 (E.D.N.Y. Jan. 5, 2017) ........................................11

*Grant v Pexie Enterprises, Inc.*,
  13-CV-3584 FB LB, 2015 WL 1137160 (E.D.N.Y. Mar. 13, 2015)......................................10

*Grey v. Promenade Rehab. and Care Ctr.*,
  145 Fed.Appx. 705 (2d Cir. 2005)....................................................................................7

*Gryga v. Ganzman*,
  991 F. Supp. 105 (E.D.N.Y. 1998) ....................................................................................9

*Harris v. Mills*,
  572 F.3d 66 (2d Cir.2009)................................................................................................4

*Hewitt v. New York City Dept. of Health and Mental Hygiene*,
  09-CV-05705 RRM RLM, 2010 WL 5071996 (E.D.N.Y. Dec. 7, 2010), *affd*,
  535 Fed. Appx. 44 (2d Cir. 2013).........................................................................6, 12, 13

*Houston v. Fidelity (National Financial Services)*,
  1997 WL 97838 (S.D.N.Y. March 6, 1997) .......................................................................9

*Kane v. 24/7 Real Media*,
  14 Civ. 2482 (AT)(JLC), 2015 WL 1623832 (S.D.N.Y. Apr. 7, 2015) ...................................8

*Kern v. City of Rochester*,
  93 F.3d 38 (2d Cir. 1996)................................................................................................9

*Kerzer v. Kingly Manufacturing*,
  156 F.3d 396 (2d Cir. 1998)..................................................................5

*Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York*,
  464 F.3d 255 (2d Cir. 2006).........................................................12, 13

*Klestadt v. Duncan*,
  2016 WI, 816788 at *4 (E.D.N.Y. Feb. 26, 2016)................................7

*Knight v. State Univ. of New York at Stony Brook*,
  No. 13-CV-0481 JS GRB, 2014 WL 4639100 (E.D.N.Y. Sept. 16, 2014) ..............................4

*Kramer v. Time Warner Inc.*,
  937 F.2d 767 (2d Cir.1991)...................................................................5

*Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*,
  *274 F.3d 683, 686 (2d Cir. 2001)* ........................................................8

*Makarova v. United States*,
  201 F. 3d 110 (2d Cir. 2000)................................................................4

*Mandell v. Cty. of Suffolk*,
  316 F.3d 368 (2d Cir. 2003)................................................................11

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*,
  475 U.S. 574, 106 S.Ct. 1348 (1986)..............................................5, 10

*MLC Fishing, Inc. v. Velez*,
  66 F.3d 140 (2d Cir. 2011)....................................................................3

*Motorola Credit Corp. v. Uzan*,
  388 F.3d 39 (2d Cir.2004)...................................................................12

*Nurse v. City of New York*,
  739 F. Supp. 811 (S.D.N.Y. 1990) .......................................................7

*Osby v. City of New York*,
  Fed. Appx. 2016 WL 403410 at *1 (2d Cir. Feb. 3, 2016)....................6

*Pani v. Empire Blue Cross Blue Shield*,
  152 F.3d 67 (2d Cir.1998)....................................................................4

*Pershaud v. Ash & Peterkin Central Lock*,
  2005 W.L. 1711 (S.D.N.Y.)................................................................10

*Raeburn v Dept. of Hous Preserv. and Dev. of the City of New York*,
  10-cv-4818 (SLT)(MDG), 2015 WL 4016743 (E.D.N.Y. June 24, 2015) ..............................13

*Spiegel v. Schulmann,*
    604 F.3d 72 (2d Cir. 2010)............................................................................................11

*Tomka v. Seiler Corp.,*
    66 F.3d 1295 (2d Cir.1995)..........................................................................................11

*Town of West Hartford v. Operation Rescue,*
    915 F.2d 92 (2d Cir. 1990)......................................................................................12, 13

*United Mine Workers v. Gibbs,*
    383 U.S. 715, 726 (1966)..............................................................................................13

*Valencia ex rel. Franco v. Lee,*
    316 F.3d 299 (2d Cir. 2003)....................................................................................12, 13

*Wegmann v. Young Adult Inst., Inc.,*
    15-cv-3815 (KPF), 2016 WL 827780 (S.D.N.Y. Mar. 2, 2016)...............................13

*Wilkins v. New York City Dept of Probation,*
    2001 WL 262601 (S.D.N.Y. March 15, 2001) ............................................................6

*Williams v. New York City Hous. Auth.,*
    458 F.3d 67 (2d Cir. 2006)..............................................................................................8

*Wrighten v. Glowski,*
    232 F.3d 119 (2d Cir.2000) (per curiam)....................................................................11

*Zerilli Edelglass v. NYC Transit Auth.,*
    333 F.3d 74 (2d Cir. 2003)..............................................................................................6

## FEDERAL STATUTES

28 U.S.C. § 1331.............................................................................................................11

28 U.S.C. § 1367.............................................................................................................11

28 U.S.C. § 1367(c)........................................................................................................11

28 U.S.C. § 1367(c)(3)....................................................................................................12

29 U.S.C. § 201, *et seq.* (FLSA) ....................................................................................3

29 U.S.C. § 621, *et seq.* (ADEA) ...................................................................................6

42 U.S.C. § 2000-e *et seq.* ..................................................................................... passim

42 U.S.C. § 2000e-2(b) ..................................................................................................10

42 U.S.C. § 2000e-5(b) ....................................................................................................6

## **RULES**

FED. R. CIV. P. 12(b)(1).......................................................................................................1, 3, 4

FED. R. CIV. P. 12(b)(6)...........................................................................................................1, 4

FED. R. CIV. P. 56...................................................................................................................1, 5

FED. R. CIV. P. 56(a)................................................................................................................5

FED. R. CIV. P. 56(c)................................................................................................................5

FED. R. CIV. P. 56(e)................................................................................................................5

FED. R. CIV. P. 56.1 .................................................................................................................2

## PRELIMINARY STATEMENT

Defendants South Side Associates, LLC ("SSA") and Joseph Weiss ("Weiss") move, pursuant to Fed. R. Civ. P. 12 (b)(1) and (b)(6) and 56, for dismissal of all claims in the Complaint and/or for summary judgment against Plaintiffs Abdel Selimovic ("Abdel") and his minor daughter Alina Selimovic ("Alina"). The Complaint alleges three causes of action: (1) a federal statutory claim by Abdel pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e *et seq.,* alleging discrimination on the basis of religion; (2) a state common law claim by Abdel for breach of an alleged oral employment contract; and (3) a state common law claim by Abdel and Alina for negligence, alleging unspecified health conditions arising from their alleged residence in an unsafe environment.

Defendants seek dismissal based on the following grounds:

(1)  As fruitless as it will prove to be for these claims to be brought in any court, it is undeniable that they are *not* appropriately brought in this Court. The tenuous thread by which Plaintiff Abdel draws himself through the Federal Courthouse door is his Title VII claim.  However, he has failed to exhaust his administrative remedies before the Equal Employment Opportunity Commission, requiring dismissal of the instant claim. Therefore, the sole federal claim and basis for federal jurisdiction in this action must be dismissed.

(2)  This Court lacks jurisdiction over Defendant South Side Associates, LLC (herein "South Side" or "SSA"), since it is not Plaintiff's employer;

(3)  This Court lacks jurisdiction over Defendant South Side Associates, LLC, because it employs fewer than 15 employees;

1

(4)   The Title VII claim should be dismissed as against Defendant Joseph Weiss since individual defendants may not be held personally liable under the statute;

(5)   With the dismissal of the federal claim, this Court should decline to exercise supplemental jurisdiction to retain the state law claims in this Court. There is no relationship to any federal law or interest; there is no principle of judicial economy that counsels for exercise of supplemental jurisdiction, and as per usual practice these purely state law claims should be dismissed along with the federal claim.

(6)   Finally, plaintiff Alina Selimovic has no federal statutory claim, no diversity claim, and no basis for seeking jurisdiction of the federal Court.

## STATEMENT OF RELEVANT FACTS

Defendants respectfully refer this Honorable Court to Defendants' Statement of Material Facts pursuant to Local Civil Rule 56.1, and to the Affidavit of Joseph Weiss for a complete and accurate statement of the pertinent facts in this action.

All references to Exhibits made herein and in any of the documents submitted in support of this motion are annexed to the Declaration of Rashmee Sinha, dated June 25, 2019 ("*Sinha Decl.* __"), and to the Affidavit of Joseph Weiss ("*Weiss Aff.* __") dated June 25, 2019.

## PROCEDURAL HISTORY

Plaintiffs commenced this action on or about January 20, 2016 by filing a Summons and Complaint (with accompanying documents) against Defendants South Side Associates, LLC, and Joseph Weiss in the United States District Court for the Eastern District of New York. (Dkt No. 1).  Pursuant to Judge Roslynn R. Mauskopf's Individual Rules, Defendants submitted on April 15, 2016, a request for a pre-motion conference seeking to dismiss the Complaint on the grounds

that, *inter alia*, Plaintiff failed to exhaust his administrative remedies. (Dkt No. 15).  On May 2, 2016, or approximately three and-a-half months ***after*** Plaintiffs commenced this lawsuit, Plaintiffs filed a copy of a letter purporting to be a Complaint filed with the United States Equal Employment Opportunity Commission ("EEOC"). (Dkt No. 16). The alleged EEOC Complaint is dated April 18, 2016.  (Dkt No. 16).  Evidently, not only was the EEOC Complaint filed three months ***after*** this action commenced, but no *Right to Sue Notice* was attached.  Ten months ***after*** Plaintiffs commenced this action, on November 15, 2016, Counsel filed a *Notice of Right to Sue* issued by the EEOC dated June 28, 2016.  (Dkt No. 18).

Defendants subsequently filed a second letter, dated January 23, 2017, outlining the bases for the anticipated motion to dismiss.   (Dkt No. 20). A conference before Judge Mauskopf occurred on March 23, 2017. (Dkt No. 21).   At the conference, Counsel for Plaintiffs was instructed to file a letter setting forth the legal and factual bases on which Plaintiffs sought leave to amend the Complaint to add a *failure to pay overtime claim* pursuant to the federal Fair Labor Standards Act (FLSA).   (Dkt No. 21).   After Plaintiffs filed a letter and a proposed First Amended Complaint on June 15, 2017, the Court issued a Memorandum & Opinion dated March 27, 2019 denying their request to amend the Complaint (Dkt No. 26).    On June 14, 2019, a briefing schedule with regard to Defendants' motion was issued.  (Dkt. No. 29).  Defendants' motion to dismiss, and/or in the alternative, for summary judgment follows.

## STANDARD OF REVIEW

### A.   MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

An action is properly dismissed under Fed. R. Civ. P. 12(b)(1) "when the district court lacks the statutory … power to adjudicate" the case.  *See Doyle v. Midland Credit Mgmt.*, *Inc*., 722 F.3d 78, 80 (2d Cir. 2013). Plaintiffs bear the burden of showing that subject matter jurisdiction exists. *MLC Fishing, Inc. v. Velez*, 66 F.3d 140, 141 (2d Cir. 2011). In reviewing a

3

motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court

must accept all material factual allegations in the complaint as true, but should not draw

inferences favorable to the plaintiff. *See Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968

F. 2d 196, 198 (2d Cir. 1992) (citations omitted). When "deciding a Rule 12(b)(1) motion, the

court may also rely on evidence outside the complaint." *Cortlandt St. Recovery Corp. v. Hellas

Telecomms. I, S.a.r.l*, 790 F.3d 411, 417 (2d Cir. 2015) (citing *Makarova v. United States*, 201 F.

3d 110 (2d Cir. 2000)).

## B.      MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard,"

which is guided by "[t]wo working principles." *Knight v. State Univ. of New York at Stony

Brook*, No. 13-CV-0481 JS GRB, 2014 WL 4639100, at *1 (E.D.N.Y. Sept. 16, 2014) citing to

*Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *accord Harris v.

Mills,* 572 F.3d 66, 71–72 (2d Cir.2009).

*First,* although the Court must accept all allegations as true, this "tenet" is "inapplicable

to legal conclusions" thus, "[t]hreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678; *accord Harris,* 572 F.3d

at 72.

*Second,* only complaints that state a "plausible claim for relief" can survive a Rule

12(b)(6) motion to dismiss. *Iqbal,* 556 U.S. at 679. Determining whether a complaint does so is

"a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id.; accord Harris,* 572 F.3d at 72.

In deciding a motion to dismiss, the Court is confined to "the allegations contained within

the four corners of [the] complaint." *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 71 (2d

Cir.1998). This has been interpreted broadly to include any document attached to the Complaint,

4

any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which judicial notice may be taken. *See Chambers v. Time Warner, Inc*., 282 F.3d 147, 152–53 (2d Cir.2002) (citations omitted); *Kramer v. Time Warner Inc.,* 937 F.2d 767, 773 (2d Cir.1991).

## C.   MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

Alternatively, should the Court construe the present motion as one for summary judgment, summary judgment is appropriate where "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986). While the Court is to draw reasonable inferences against the moving party, it is not to draw unreasonable inferences to favor the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-324, 106 S.Ct. 2548 (1986). When the moving party has met its initial burden, the nonmoving party must come forward with specific facts showing a genuine issue of material fact for trial. FRCP 56(a), (c), (e).

An issue of fact is genuine only if the record evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "Conclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Manufacturing*, 156 F.3d 396, 400 (2d Cir. 1998). The nonmovant must show more than merely a "metaphysical doubt" as to the material facts. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-586, 106 S.Ct. 1348 (1986). A disputed fact is material only if it "might affect the outcome of the suit under the governing law,"

and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477

U.S. at 248.

## LEGAL ARGUMENT

## POINT I

## THIS COURT LACKS SUBJECT MATTER JURSDICTION OVER THIS ACTION

**A.     ABDEL'S TITLE VII CLAIM (COUNT I) MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF ABDEL SELIMOVIC FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES**

It is statutorily required that a Title VII plaintiff *first* exhaust his administrative remedies

by filing a complaint with the Equal Employment Opportunity Commission, obtaining a right-to-

sue letter from the EEOC, and presenting it to this Court in order to proceed. 42 U.S.C. §

2000e-5(b); *see Osby v. City of New York,* Fed. Appx. 2016 WL 403410 at *1 (2d Cir. Feb. 3,

2016).

("Before initiating a federal employment discrimination suit, a litigant must exhaust her claim in

accordance with EEOC regulations. . . .Exhaustion of administrative remedies through the EEOC

is an essential element of the Title VII and ADEA statutory schemes and, as such, a precondition

to bringing such claims in federal court"); *Zerilli Edelglass v. NYC Transit Auth.,* 333 F.3d 74,

76-77 (2d Cir. 2003) (upholding district court dismissal where plaintiff did not file a grievance

with the EEOC and did not obtain a right-to-sue letter); *Hewitt v. New York City Dept. of Health*

*and Mental Hygiene,* 09-CV-05705 RRM RLM, 2010 WL 5071996 at *5 (E.D.N.Y. Dec. 7,

2010), *affd,* 535 Fed. Appx. 44 (2d Cir. 2013) ("Federal courts must dismiss federal claims

which were not preceded by the filing of a timely EEOC charge."); *Wilkins v. New York City*

*Dept of Probation,* 2001 WL 262601 at *2 (S.D.N.Y. March 15, 2001) ("Timely filing of a

charge of discrimination with the EEOC is a prerequisite to filing a Title VII complaint in federal

6

court."); *Nurse v. City of New York,* 739 F. Supp. 811, 811-12 (S.D.N.Y. 1990) (Title VII claim dismissed for lack of proof that plaintiff attempted to or did obtain right-to-sue letter; incumbent upon plaintiff to demonstrate such).

Here, Plaintiff Abdel has indisputably failed to satisfy the statutory *pre-requisite* to commencing a lawsuit before this Court.  Nothing in Plaintiffs' Complaint remotely asserts that Abdel filed a complaint with the EEOC against Defendants alleging religious discrimination or anything else. (*Sinha Decl. Exhibit A*).  Nothing in the Complaint suggests that the EEOC issued a right-to-sue letter. *Id*. Indeed, given that Plaintiff alleged that he was terminated on December 18, 2015 (*Sinha Decl. Exhibit A*, ¶ 17), there plainly had not been sufficient time for plaintiff to have filed an EEOC claim and obtain a right-to-sue letter (normally issued after a 180-day investigation and conciliation period) by the date of the filing of the complaint 32 days later on January 20, 2016. See *Afzal v. Flushing Hosp., New York,* 2016 WL 1171546 at *2 (E.D.N.Y. March 23, 2016) (complaint dismissed where it "does not refer to the filing of such a charge with an administrative agency, and a right-to-sue letter is neither referenced in, nor attached to, the complaint"); *Klestadt v. Duncan,* 2016 WI, 816788 at *4 (E.D.N.Y. Feb. 26, 2016);  *Grey v. Promenade Rehab. and Care Ctr.,* 145 Fed.Appx. 705 (2d Cir. 2005) (upholding *sua sponte* dismissal where no EEOC right-to-sue letter was filed); *Floyd v. Lord & Taylor,* 96 Fed. Appx. 792, 793 (2d Cir. 2004) (upholding dismissal where plaintiff failed to submit any documentation showing that she had filed a complaint with the EEOC);

On May 2, 2016, or approximately three and-a-half months ***after*** Plaintiffs commenced this lawsuit, Plaintiffs belatedly filed a copy of a letter purporting to be a Complaint filed with the United States Equal Employment Opportunity Commission on April 18, 2016. (Dkt No. 16; *Sinha Decl., Exhibit B*). By doing so, Plaintiffs tacitly conceded that Plaintiff Abdel Selimovic

7

did not meet the preconditions for bringing a Title VII claim in federal court.   Counsel for

Plaintiffs did not provide any excuse for his failure to even write to the EEOC until more than

three months after he filed suit. Inexplicably, they waited four-and-a half months to file with the

Court, on November 15, 2016, a document purporting to be a *Notice of Right to Sue* letter issued

on June 28, 2016.  (Dkt. No. 18; *Sinha Decl., Exhibit C*).  Based on the above, the Title VII claim

must be dismissed for failure to exhaust required administrative remedies. *See* 42 U.S.C §§

2000e-5(e)(1), (f)(1) ("Obtaining a right-to-sue letter from the EEOC is a ***statutory prerequisite***

***to commencing a federal suit*** under Title VII…" *Kane v. 24/7 Real Media,* 14 Civ. 2482

(AT)(JLC), 2015 WL 1623832 at * 2 (S.D.N.Y. Apr. 7, 2015) *(quoting Best v. Duane Read*

*Drugs*, 14 Civ. 2648, 2014 WL 5810105 * 4 (S.D.N.Y. Nov. 6, 2014); emphasis added).

"[F]iling a timely charge with the EEOC and obtaining a right to sue letter are **prerequisites to**

**bringing a Title VII claim** in federal court." *Gachette v. Metro N. High Bridge,* 12 Civ. 3838

(AJN), 2013 WL 144947 at * 3 (S.D.N.Y. Jan. 14, 2013)(*citing Legnani v. Alitalia Linee Aeree*

*Italiane, S.P.A., 274 F.3d 683, 686* (2d Cir. 2001)); *see also Williams v. New York City Hous.*

*Auth.,* 458 F.3d 67, 70 (2d Cir. 2006); *Constantine v. U-Haul Intl., Inc.,* 15 Civ. 0104

(MAD)(CFH), 2015 WL 7272211 at * 2 (N.D.N.Y Nov. 16, 2015).

## POINT II

### THIS COURT LACKS JURISDICTION OVER DEFENDANT SOUTH SIDE ASSOCIATES, LLC, SINCE IT IS NOT PLAINTIFF, ABDEL SELIMOVIC'S EMPLOYER

For South Side Associates, LLC (herein "SSA" or "South Side") to be liable to the

Plaintiff for employment discrimination, Plaintiff must first show that SSA was Plaintiff's

employer.  However, the fact is that Plaintiff, Abdel Selimovic was never employed by South

Side (or its alleged agent, Weiss), but by a separate entity unrelated to South Side.   This requires dismissal of the Title VII claim against Defendants. (*See Weiss Aff.*, ¶¶ 1, 5-17).

To determine whether an entity is an employer, courts have considered the amount of control or supervision the defendant exerts over the means and manner of the employee's work performance.  *Gryga v. Ganzman*, 991 F. Supp. 105, 109 (E.D.N.Y. 1998).  Courts look to see whether an entity has "authority to hire or fire…, to supervise…work or conditions of employment, to determine [the] rate or method of pay, or to maintain records of…employment." *Kern v. City of Rochester,* 93 F.3d 38, 45 (2d Cir. 1996).  Other indicia include dictating personnel policies and controlling budgets.  *Houston v. Fidelity (National Financial Services),* 1997 WL 97838 * 12 (S.D.N.Y. March 6, 1997).

Defendants have provided ample documentation evincing that no employer-employee relationship existed between Plaintiff Adel Selimovic and SSA.  *(Weiss Aff., ¶¶ 1, 5-17, Ex. A and B)*.  SSA did not control Plaintiff's compensation, terms, conditions or privileges of his employment.  To that end, Plaintiff's W-2 form does not list SSA as his employer, nor did SSA pay plaintiff his salary.  (*Weiss Aff., Ex. B*).  Further, SSA did not issue Plaintiff's weekly paychecks, provide him with benefits, withhold his taxes, set his schedule, dock his pay when he was late, or retain authority to discharge him if circumstances warranted. *(Weiss Aff., ¶¶ 1, 5*-17). In short, SSA made no decisions concerning plaintiff's employment. Thus, Plaintiff's claim for employment discrimination against SSA should be dismissed.

**POINT III**

**SOUTH SIDE ASSOCIATES IS AN EXEMPT EMPLOYER
WITH FEWER THAN 15 EMPLOYEES AND
THEREFORE NOT SUBJECT TO TITLE VII**

Title VII requires that, in order to be subject to liability, an employer be "covered" by the

Act by employing 15 or more employees during 20 calendar weeks of the years in which

discrimination is alleged to have occurred. 42 U.S.C. § 2000e-2(b); *Arculeo v. On-Site Sales &*

*Mktg., LLC*, 425 F.3d 193, 195 (2d Cir. 2005);  *Grant v Pexie Enterprises, Inc.*, 13-CV-3584 FB

LB, 2015 WL 1137160, at *2 (E.D.N.Y. Mar. 13, 2015) (Plaintiff's burden to demonstrate that

Defendant falls within scope of statute); *Fitzgibbons v. Putnam Dental Ass., P.C.* 368 F. Supp.

339, 342 (S.D.N.Y. 2005)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 586 (1986)).  While not a jurisdictional requirement, a defendant is entitled to

obtain summary judgment if the number of employees is not enough to invoke coverage

under Title VII.  *Pershaud v. Ash & Peterkin Central Lock*, 2005 W.L. 1711 (S.D.N.Y.)

(citing *Drescher v. Shatkin*, 280 F.3d 201, 202-203 (2d Cir. 2002)).

SSA is not a covered employer under Title VII, as it has at all times material to this

action employed fewer than 15 employees. *(Weiss Aff., ¶¶ 9-10).* Not surprisingly, the Complaint

does not allege that SSA had the requisite number of employees.  (*Sinha Decl. Ex.* A).  The

undisputed facts of this matter, as attested to in the affidavit of Joseph Weiss, the General

Manager of Garden Management LLC and as evinced by the weekly paystubs for Plaintiff and

forms W-2, clearly demonstrate that South Side was not Plaintiff's employer.  (*See Weiss Aff.,* ¶¶

1, 5-17, *Ex. B*).  Assuming *arguendo*, SSA was properly named as Plaintiff's employer, which it

was not, SSA was not operational during the period between 2014-2015 in which Plaintiff Abdel

Selimovic was working as described in the Complaint.  (*Weiss Aff.,* ¶¶ 9-10).  Therefore it, *ipso*

10

*facto*, did not have 15 or more employees and is exempt from Title VII liability.  Thus, South

Side is not an employer as defined by Title VII and the claim must be dismissed with prejudice.

## POINT IV

### THE TITLE VII CLAIM SHOULD BE DISMISSED AS AGAINST DEFENDANT JOSEPH WEISS, SINCE INDIVIDUAL DEFENDANTS MAY NOT BE HELD PERSONALLY LIABLE UNDER THE STATUTE

Plaintiff has named Joseph Weiss in his individual capacity for the alleged violations of

Title VII.  As noted above, Joseph Weiss is neither an agent nor an employee of South Side.  The

Second Circuit has held that individual defendants with supervisory control over a plaintiff may

not be held personally liable under Title VII.  *Mandell v. Cty. of Suffolk*, 316 F.3d 368, 377 (2d

Cir. 2003)("under Title VII, individual supervisors are not subject to liability"); *Wrighten v.*

*Glowski*, 232 F.3d 119, 120 (2d Cir.2000) (per curiam); *Tomka v. Seiler Corp.*, 66 F.3d 1295,

1317 (2d Cir.1995). .  *See, e.g., Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010); *Gindi v*

*Bennett*, 15-cv-6475 (RRM)(MDG), 2016 WL 3461233, at *3 (E.D.N.Y. June 20, 2016),

*reconsideration denied sub nom. Gindi v New York City Dept. of Educ.*, 15-cv-6475

(RRM)(RER), 2017 WL 58833 (E.D.N.Y. Jan. 5, 2017) (and cases cited therein).  Therefore, the

Title VII Claim against Defendant Joseph Weiss should be dismissed.

## POINT V

### THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS

This is an action arising solely under federal question and supplemental jurisdiction

provisions of 28 U.S.C. §§1331 and 1367 respectively.  28 U.S.C. 1367(c) provides that: "[t]he

district courts may decline to exercise supplemental jurisdiction over a claim under subsection

(a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction ..."

Here, with the dismissal of Plaintiffs' only claim that purports to confer jurisdiction upon this Court, the remaining claims for breach of contract and negligence, which arise solely under state common law, should be dismissed. *Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006) ("it is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims"); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003); *Town of West Hartford v. Operation Rescue,* 915 F.2d 92, 104 (2d Cir. 1990); *Cruz v PS1 Contemporary Art Ctr.*, 10-cv-4899 (RRM)(JMA), 2011 WL 3348097 at *3 (E.D.N.Y. Aug. 1, 2011) (dismissing state law claims); *Hewitt v New York City Dept. of Health and Mental Hygiene*, 09-cv-05705 (RRM)(RLM), 2010 WL 5071996 at *6 (E.D.N.Y. Dec. 7, 2010), *aff'd*, 535 Fed. Appx. 44 (2d Cir. 2013).

It is well settled that:

> Pursuant to 28 U.S.C. § 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over state and city claims after the dismissal of all claims over which it had original jurisdiction. At this early stage of litigation, and to the extent that plaintiff seeks to bring them, state and city claims are more appropriately determined in a state forum due to interests of comity and efficiency. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir.2004) ("When, as in this case, a federal court dismisses all claims over which it had original jurisdiction, it must reassess its jurisdiction over the case by considering several related factors-judicial economy, convenience, fairness, and comity." (citation omitted)); *Klein & Co. Futures, Inc. v. Bd. of Trade of City of N. Y.*, 464 F.3d 255, 262 (2d Cir.2006) (where "federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims" (citations omitted)); *Beachum v. AWISCO N.Y & Local 810,* No. 09—CV-7399 (RJS), 2011 U.S. Dist. LEXIS 28856, at *45, 2011 WL 1045082 (Mar. 16, 2011) (federal district courts in New York "routinely decline to exercise supplemental jurisdiction over a plaintiffs NYCHRL claims after dismissing all federal claims" (collecting cases)).

*Cruz v. PS Contemporary Art Ctr.,* 10-cv-4899 (RRM)(JMA), 2011 WL 3348097 at *3 (E.D.N.Y. Aug. 1, 2011) (dismissing state law claims). *See Klein & Co. Futures, Inc. v Bd. of Trade of City of New York,* 464 F.3d 255, 262 (2d Cir. 2006) ("it is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims"); *Valencia ex rel Franco v. Lee,* 316 F.3d 299, 305 (2d Cir. 2003) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity- will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Town of West Hartford v. Operation Rescue,* 915 F.2d 92, 104 (2d Cir. 1990) ("it is well settled that 'if the federal claims are dismissed before trial ... the state claims should be dismissed as well.") *(quoting United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966)); *Hewitt v New York City Dept. of Health and Mental Hygiene,* 09-cv-05705 (RRM)(RLM), 2010 WL 5071996 at *6 (E.D.N.Y. Dec. 7, 2010), *aff'd,* 535 Fed. Appx. 44 (2d Cir. 2013); *see also Wegmann v. Young Adult Inst., Inc.,* 15-cv-3815 (KPF), 2016 WL 827780 at *11 (S.D.N.Y. Mar. 2, 2016) (dismissing state anti-discrimination law claims); *Raeburn v Dept. of Hous Preserv. and Dev. of the City of New York,* 10-cv-4818 (SLT)(MDG), 2015 WL 4016743 at *15 (E.D.N.Y. June 24, 2015); *Fitzgibbons v. Putnam Dental Assoc., P C.,* 368 F. Supp. 2d 339, 345 (S.D.N.Y. 2005) (declining, in its "considerable discretion," to exercise supplemental jurisdiction over state law claims); *Bernstein v. The MONY Group, Inc.,* 228 F. Supp. 2d 415, 420 (S.D.N.Y. 2002).

Here, no factors support this Court's retaining the state law claims. "In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity—the "Cohill factors." *Klein &*

13

*Co. Futures, Inc. v Bd of Trade of City of New York,* 464 F.3d 255, 262 (2d Cir. 2006) *(citing Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)). Given the early stage of the litigation, as the parties have yet to engage in discovery, there is no consideration of judicial economy, convenience, or fairness that weighs in favor of retaining jurisdiction over these purely state-law claims. Comity would strongly suggest that the claims be adjudicated by a New York state court.

Moreover, with the dismissal of the Title VII claim, there is no reason for this Court to commence consideration of the state law claims (as opposed to dismissing them in favor of their subsequent assertion in state court or appended to a later federal claim). Plaintiffs should be estopped from contending otherwise, as the fact that they brought the claims together evinces their position that the federal and state claims are related. If they now seek to take the view that the state law claims are *not* related to the federal claims and should proceed separately, the position is equally strong that they do not belong in federal court, with no apparent "common nucleus of facts" that binds them to the federal claim. Either way, dismissal of these claims is appropriate.

## POINT VI

## ALINA'S SOLE STATE LAW CLAIM MUST BE DISMISSED

Alina Selimovic makes no claim under any federal statute, and is not alleged to have been an employee of any Defendant. She has not alleged any basis for diversity jurisdiction, and plainly cannot, as she has alleged that all of the parties are New York residents. Thus, Plaintiff Alina has no jurisdictional basis for bringing her claim in this Federal Court proceeding.

It does not matter that Alina's father alleges a federal statutory claim; it is axiomatic that each plaintiff must have a jurisdictional basis for his or her entry to the Court. Nor does it matter

14

that Alina stayed in the same apartment as her father.  The "common nucleus of facts" test may have application to different claims by the same plaintiff, but does not render all claims of all plaintiffs that are similar to be brought in federal court, much less aggregated into one case.

Independently, of all of the foregoing reasons for dismissal of Plaintiff Abdel Selimovic's claims being applicable to Alina's claim, this constitutes a compelling reason for dismissal of her sole claim in this case.

## **CONCLUSION**

For the foregoing reasons, Defendants South Side Associates, LLC, and Joseph Weiss's

Motion to Dismiss, or for Summary Judgment, should be granted.


Dated: New York, New York
      June 26, 2019

By:   /s/  Rashmee Sinha
RASHMEE SINHA, ESQ.
NORRIS MCLAUGHLIN, P.A.
875 Third Avenue, 8th Floor
New York, New York 10022
Tel: 917-369-8890
Fax: 212-808-0844
rsinha@norris-law.com
*Attorneys for Defendants*
*South Side Associates, LLC, and*
*Joseph Weiss*

16

Rashmee Sinha, Esq.
NORRIS MCLAUGHLIN, P.A.
875 Third Avenue, 8th Floor
New York, New York 10022
Tel: (917) 369-8890
*Attorneys for Defendants South Side Associates, LLC, and Joseph Weiss*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABDEL SELIMOVIC<br>and ALINA SELIMOVIC, a minor<br><br>                     Plaintiffs,<br><br>      - against -<br><br>SOUTH SIDE ASSOCIATES LLC and JOSEPH<br>WEISS,<br><br>                Defendants | Civil No. 16-cv-00298 (RRM)(SLT)<br><br>**ECF CASE** |

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT
## AND/OR FOR SUMMARY JUDGMENT

RASHMEE SINHA
NORRIS MCLAUGHLIN, P.A.
875 Third Avenue, 8th Floor
New York, New York 10022
Tel: 917-369-8890
Fax: 212-808-0844
rsinha@norris-law.com
*Attorney for Defendants*
*South Side Associates, LLC, and Joseph Weiss*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF RELEVANT FACTS ................................................................... 2

PROCEDURAL HISTORY....................................................................................... 2

STANDARD OF REVIEW ....................................................................................... 3

          A.    MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) .................... 3

          B.    MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) .................... 4

          C.    MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.
               R. CIV. P. 56............................................................................................ 5

LEGAL ARGUMENT................................................................................................ 6

POINT I     THIS COURT LACKS SUBJECT MATTER JURSDICTION
             OVER THIS ACTION .............................................................................. 6

          A.    ABDEL'S TITLE VII CLAIM (COUNT I) MUST BE
               DISMISSED FOR LACK OF SUBJECT MATTER
               JURISDICTION BECAUSE PLAINTIFF ABDEL SELIMOVIC
               FAILED TO EXHAUST HIS ADMINISTRATIVE
               REMEDIES ............................................................................... 6

POINT II    THIS COURT LACKS JURISDICTION OVER DEFENDANT SOUTH
             SIDE ASSOCIATES, LLC, SINCE IT IS NOT PLAINTIFF, ABDEL
             SELIMOVIC'S EMPLOYER........................................................................ 8

POINT III   SOUTH SIDE ASSOCIATES IS AN EXEMPT EMPLOYER WITH
             FEWER THAN 15 EMPLOYEES AND THEREFORE NOT
             SUBJECT TO TITLE VII ..................................................................... 10

POINT IV  THE TITLE VII CLAIM SHOULD BE DISMISSED AS AGAINST
             DEFENDANT JOSEPH WEISS, SINCE INDIVIDUAL
             DEFENDANTS MAY NOT BE HELD PERSONALLY LIABLE
             UNDER THE STATUTE ...................................................................... 11

POINT V   THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL
             JURISDICTION OVER THE STATE LAW CLAIMS ...................... 11

POINT VI  ALINA'S SOLE STATE LAW CLAIM MUST BE DISMISSED ............. 14

CONCLUSION........................................................................................................ 16

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### <u>FEDERAL CASES</u>

*Afzal v. Flushing Hosp., New York*,
   2016 WL 1171546 (E.D.N.Y. March 23, 2016) .......................................................................7

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242, 106 S.Ct. 2505 (1986) ...................................................................................5, 6

*Arculeo v. On-Site Sales & Mktg., LLC*,
   425 F.3d 193 (2d Cir. 2005) ................................................................................................10

*Ashcroft v. Iqbal*,
   556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ............................................4

*Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*,
   968 F. 2d 196 (2d Cir. 1992) ...............................................................................................4

*Beachum v. AWISCO N.Y & Local 810*,
   No. 09—CV-7399 (RJS), 2011 U.S. Dist. LEXIS 28856, 2011 WL 1045082
   (Mar. 16, 2011) ...................................................................................................................12

*Bernstein v. The MONY Group, Inc.*,
   228 F. Supp. 2d 415 (S.D.N.Y. 2002) ................................................................................13

*Best v. Duane Read Drugs*,
   14 Civ. 2648, 2014 WL 5810105 (S.D.N.Y. Nov. 6, 2014) ................................................8

*Carnegie-Mellon Univ. v. Cohill*,
   484 U.S. 343 (1988) ...........................................................................................................14

*Celotex v. Catrett*,
   477 U.S. 317, 106 S.Ct. 2548 (1986) ..................................................................................5

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir.2002) .................................................................................................5

*Constantine v. U-Haul Intl., Inc.*,
   15 Civ. 0104 (MAD)(CFH), 2015 WL 7272211 (N.D.N.Y Nov. 16, 2015) ...........................8

*Cortlandt St. Recovery Corp. v. Hellas Telecomms. I, S.a.r.l*,
   790 F.3d 411 (2d Cir. 2015) .................................................................................................4

*Cruz v PS1 Contemporary Art Ctr.*,
  10-cv-4899 (RRM)(JMA), 2011 WL 3348097 (E.D.N.Y. Aug. 1, 2011) .......................12, 13

*Doyle v. Midland Credit Mgmt., Inc.*,
  722 F.3d 78 (2d Cir. 2013).................................................................................................3

*Drescher v. Shatkin*,
  280 F.3d 201 (2d Cir. 2002)............................................................................................10

*Fitzgibbons v. Putnam Dental Ass., P.C.*
  368 F. Supp. 339 (S.D.N.Y. 2005) .............................................................................10, 13

*Floyd v. Lord & Taylor*,
  96 Fed. Appx. 792 (2d Cir. 2004).....................................................................................7

*Gachette v. Metro N. High Bridge*,
  12 Civ. 3838 (AJN), 2013 WL 144947 (S.D.N.Y. Jan. 14, 2013)...........................................8

*Gindi v Bennett*,
  15-cv-6475 (RRM)(MDG), 2016 WL 3461233 (E.D.N.Y. June 20, 2016),
  *reconsideration denied sub nom. Gindi v New York City Dept. of Educ.*, 15-
  cv-6475 (RRM)(RER), 2017 WL 58833 (E.D.N.Y. Jan. 5, 2017) .........................................11

*Grant v Pexie Enterprises, Inc.*,
  13-CV-3584 FB LB, 2015 WL 1137160 (E.D.N.Y. Mar. 13, 2015)........................................10

*Grey v. Promenade Rehab. and Care Ctr.*,
  145 Fed.Appx. 705 (2d Cir. 2005)......................................................................................7

*Gryga v. Ganzman*,
  991 F. Supp. 105 (E.D.N.Y. 1998) .....................................................................................9

*Harris v. Mills*,
  572 F.3d 66 (2d Cir.2009)................................................................................................4

*Hewitt v. New York City Dept. of Health and Mental Hygiene*,
  09-CV-05705 RRM RLM, 2010 WL 5071996 (E.D.N.Y. Dec. 7, 2010), *affd*,
  535 Fed. Appx. 44 (2d Cir. 2013).............................................................................6, 12, 13

*Houston v. Fidelity (National Financial Services)*,
  1997 WL 97838 (S.D.N.Y. March 6, 1997) ..........................................................................9

*Kane v. 24/7 Real Media*,
  14 Civ. 2482 (AT)(JLC), 2015 WL 1623832 (S.D.N.Y. Apr. 7, 2015) ....................................8

*Kern v. City of Rochester*,
  93 F.3d 38 (2d Cir. 1996)..................................................................................................9

*Kerzer v. Kingly Manufacturing*,
156 F.3d 396 (2d Cir. 1998)..................................................................5

*Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York*,
464 F.3d 255 (2d Cir. 2006).............................................................12, 13

*Klestadt v. Duncan*,
2016 WI, 816788 at *4 (E.D.N.Y. Feb. 26, 2016)..................................7

*Knight v. State Univ. of New York at Stony Brook*,
No. 13-CV-0481 JS GRB, 2014 WL 4639100 (E.D.N.Y. Sept. 16, 2014) ..............................4

*Kramer v. Time Warner Inc.*,
937 F.2d 767 (2d Cir.1991)..................................................................5

*Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*,
*274 F.3d 683, 686 (2d Cir. 2001)* ........................................................8

*Makarova v. United States*,
201 F. 3d 110 (2d Cir. 2000)................................................................4

*Mandell v. Cty. of Suffolk*,
316 F.3d 368 (2d Cir. 2003)...............................................................11

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*,
475 U.S. 574, 106 S.Ct. 1348 (1986)................................................5, 10

*MLC Fishing, Inc. v. Velez*,
66 F.3d 140 (2d Cir. 2011).................................................................3

*Motorola Credit Corp. v. Uzan*,
388 F.3d 39 (2d Cir.2004).................................................................12

*Nurse v. City of New York*,
739 F. Supp. 811 (S.D.N.Y. 1990) ........................................................7

*Osby v. City of New York*,
Fed. Appx. 2016 WL 403410 at *1 (2d Cir. Feb. 3, 2016)........................6

*Pani v. Empire Blue Cross Blue Shield*,
152 F.3d 67 (2d Cir.1998)..................................................................4

*Pershaud v. Ash & Peterkin Central Lock*,
2005 W.L. 1711 (S.D.N.Y.).................................................................10

*Raeburn v Dept. of Hous Preserv. and Dev. of the City of New York*,
10-cv-4818 (SLT)(MDG), 2015 WL 4016743 (E.D.N.Y. June 24, 2015) .............................13

iv

*Spiegel v. Schulmann*,
  604 F.3d 72 (2d Cir. 2010)........................................................................11

*Tomka v. Seiler Corp.*,
  66 F.3d 1295 (2d Cir.1995).......................................................................11

*Town of West Hartford v. Operation Rescue*,
  915 F.2d 92 (2d Cir. 1990)..................................................................12, 13

*United Mine Workers v. Gibbs*,
  383 U.S. 715, 726 (1966).........................................................................13

*Valencia ex rel. Franco v. Lee*,
  316 F.3d 299 (2d Cir. 2003)................................................................12, 13

*Wegmann v. Young Adult Inst., Inc.*,
  15-cv-3815 (KPF), 2016 WL 827780 (S.D.N.Y. Mar. 2, 2016)..................13

*Wilkins v. New York City Dept of Probation*,
  2001 WL 262601 (S.D.N.Y. March 15, 2001) ............................................6

*Williams v. New York City Hous. Auth.*,
  458 F.3d 67 (2d Cir. 2006).........................................................................8

*Wrighten v. Glowski*,
  232 F.3d 119 (2d Cir.2000) (per curiam)..................................................11

*Zerilli Edelglass v. NYC Transit Auth.*,
  333 F.3d 74 (2d Cir. 2003)..........................................................................6

## FEDERAL STATUTES

28 U.S.C. § 1331.............................................................................................11

28 U.S.C. § 1367.............................................................................................11

28 U.S.C. § 1367(c).........................................................................................11

28 U.S.C. § 1367(c)(3).....................................................................................12

29 U.S.C. § 201, *et seq.* (FLSA).......................................................................3

29 U.S.C. § 621, *et seq.* (ADEA).......................................................................6

42 U.S.C. § 2000-e *et seq.* ...................................................................... passim

42 U.S.C. § 2000e-2(b)...................................................................................10

42 U.S.C. § 2000e-5(b).....................................................................................6

## **<u>RULES</u>**

FED. R. CIV. P. 12(b)(1)..................................................................................................................1, 3, 4

FED. R. CIV. P. 12(b)(6)....................................................................................................................1, 4

FED. R. CIV. P. 56..............................................................................................................................1, 5

FED. R. CIV. P. 56(a)............................................................................................................................5

FED. R. CIV. P. 56(c)............................................................................................................................5

FED. R. CIV. P. 56(e)............................................................................................................................5

FED. R. CIV. P. 56.1 .............................................................................................................................2

## PRELIMINARY STATEMENT

Defendants South Side Associates, LLC ("SSA") and Joseph Weiss ("Weiss") move, pursuant to Fed. R. Civ. P. 12 (b)(1) and (b)(6) and 56, for dismissal of all claims in the Complaint and/or for summary judgment against Plaintiffs Abdel Selimovic ("Abdel") and his minor daughter Alina Selimovic ("Alina"). The Complaint alleges three causes of action: (1) a federal statutory claim by Abdel pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e *et seq.,* alleging discrimination on the basis of religion; (2) a state common law claim by Abdel for breach of an alleged oral employment contract; and (3) a state common law claim by Abdel and Alina for negligence, alleging unspecified health conditions arising from their alleged residence in an unsafe environment.

Defendants seek dismissal based on the following grounds:

(1)    As fruitless as it will prove to be for these claims to be brought in any court, it is undeniable that they are *not* appropriately brought in this Court. The tenuous thread by which Plaintiff Abdel draws himself through the Federal Courthouse door is his Title VII claim.  However, he has failed to exhaust his administrative remedies before the Equal Employment Opportunity Commission, requiring dismissal of the instant claim. Therefore, the sole federal claim and basis for federal jurisdiction in this action must be dismissed.

(2)    This Court lacks jurisdiction over Defendant South Side Associates, LLC (herein "South Side" or "SSA"), since it is not Plaintiff's employer;

(3)    This Court lacks jurisdiction over Defendant South Side Associates, LLC, because it employs fewer than 15 employees;

(4)   The Title VII claim should be dismissed as against Defendant Joseph Weiss since individual defendants may not be held personally liable under the statute;

(5)   With the dismissal of the federal claim, this Court should decline to exercise supplemental jurisdiction to retain the state law claims in this Court. There is no relationship to any federal law or interest; there is no principle of judicial economy that counsels for exercise of supplemental jurisdiction, and as per usual practice these purely state law claims should be dismissed along with the federal claim.

(6)   Finally, plaintiff Alina Selimovic has no federal statutory claim, no diversity claim, and no basis for seeking jurisdiction of the federal Court.

## STATEMENT OF RELEVANT FACTS

Defendants respectfully refer this Honorable Court to Defendants' Statement of Material Facts pursuant to Local Civil Rule 56.1, and to the Affidavit of Joseph Weiss for a complete and accurate statement of the pertinent facts in this action.

All references to Exhibits made herein and in any of the documents submitted in support of this motion are annexed to the Declaration of Rashmee Sinha, dated June 25, 2019 ("*Sinha Decl*. __"), and to the Affidavit of Joseph Weiss ("*Weiss Aff*. __") dated June 25, 2019.

## PROCEDURAL HISTORY

Plaintiffs commenced this action on or about January 20, 2016 by filing a Summons and Complaint (with accompanying documents) against Defendants South Side Associates, LLC, and Joseph Weiss in the United States District Court for the Eastern District of New York. (Dkt No. 1). Pursuant to Judge Roslynn R. Mauskopf's Individual Rules, Defendants submitted on April 15, 2016, a request for a pre-motion conference seeking to dismiss the Complaint on the grounds

2

that, *inter alia*, Plaintiff failed to exhaust his administrative remedies. (Dkt No. 15).  On May 2, 2016, or approximately three and-a-half months *after* Plaintiffs commenced this lawsuit, Plaintiffs filed a copy of a letter purporting to be a Complaint filed with the United States Equal Employment Opportunity Commission ("EEOC"). (Dkt No. 16). The alleged EEOC Complaint is dated April 18, 2016.  (Dkt No. 16).  Evidently, not only was the EEOC Complaint filed three months *after* this action commenced, but no *Right to Sue Notice* was attached.  Ten months *after* Plaintiffs commenced this action, on November 15, 2016, Counsel filed a *Notice of Right to Sue* issued by the EEOC dated June 28, 2016.  (Dkt No. 18).

Defendants subsequently filed a second letter, dated January 23, 2017, outlining the bases for the anticipated motion to dismiss.   (Dkt No. 20). A conference before Judge Mauskopf occurred on March 23, 2017. (Dkt No. 21).   At the conference, Counsel for Plaintiffs was instructed to file a letter setting forth the legal and factual bases on which Plaintiffs sought leave to amend the Complaint to add a *failure to pay overtime claim* pursuant to the federal Fair Labor Standards Act (FLSA).   (Dkt No. 21).   After Plaintiffs filed a letter and a proposed First Amended Complaint on June 15, 2017, the Court issued a Memorandum & Opinion dated March 27, 2019 denying their request to amend the Complaint (Dkt No. 26).    On June 14, 2019, a briefing schedule with regard to Defendants' motion was issued.  (Dkt. No. 29).  Defendants' motion to dismiss, and/or in the alternative, for summary judgment follows.

## STANDARD OF REVIEW

### A.   MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)

An action is properly dismissed under Fed. R. Civ. P. 12(b)(1) "when the district court lacks the statutory … power to adjudicate" the case.  *See Doyle v. Midland Credit Mgmt.*, *Inc.*, 722 F.3d 78, 80 (2d Cir. 2013). Plaintiffs bear the burden of showing that subject matter jurisdiction exists. *MLC Fishing, Inc. v. Velez*, 66 F.3d 140, 141 (2d Cir. 2011). In reviewing a

motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court must accept all material factual allegations in the complaint as true, but should not draw inferences favorable to the plaintiff. *See Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F. 2d 196, 198 (2d Cir. 1992) (citations omitted). When "deciding a Rule 12(b)(1) motion, the court may also rely on evidence outside the complaint." *Cortlandt St. Recovery Corp. v. Hellas Telecomms. I, S.a.r.l*, 790 F.3d 411, 417 (2d Cir. 2015) (citing *Makarova v. United States*, 201 F. 3d 110 (2d Cir. 2000)).

## B.   MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." *Knight v. State Univ. of New York at Stony Brook*, No. 13-CV-0481 JS GRB, 2014 WL 4639100, at *1 (E.D.N.Y. Sept. 16, 2014) citing to *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *accord Harris v. Mills,* 572 F.3d 66, 71–72 (2d Cir.2009).

*First,* although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678; *accord Harris,* 572 F.3d at 72.

*Second,* only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. *Iqbal,* 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.; accord Harris,* 572 F.3d at 72.

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 71 (2d Cir.1998). This has been interpreted broadly to include any document attached to the Complaint,

any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir.2002) (citations omitted); *Kramer v. Time Warner Inc.,* 937 F.2d 767, 773 (2d Cir.1991).

## C.    MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

Alternatively, should the Court construe the present motion as one for summary judgment, summary judgment is appropriate where "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986). While the Court is to draw reasonable inferences against the moving party, it is not to draw unreasonable inferences to favor the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-324, 106 S.Ct. 2548 (1986). When the moving party has met its initial burden, the nonmoving party must come forward with specific facts showing a genuine issue of material fact for trial. FRCP 56(a), (c), (e).

An issue of fact is genuine only if the record evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "Conclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Manufacturing*, 156 F.3d 396, 400 (2d Cir. 1998). The nonmovant must show more than merely a "metaphysical doubt" as to the material facts. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-586, 106 S.Ct. 1348 (1986). A disputed fact is material only if it "might affect the outcome of the suit under the governing law,"

and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477

U.S. at 248.

## LEGAL ARGUMENT

## POINT I

## THIS COURT LACKS SUBJECT MATTER JURSDICTION OVER THIS ACTION

**A.**   **ABDEL'S TITLE VII CLAIM (COUNT I) MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF ABDEL SELIMOVIC FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES**

It is statutorily required that a Title VII plaintiff *first* exhaust his administrative remedies

by filing a complaint with the Equal Employment Opportunity Commission, obtaining a right-to-

sue letter from the EEOC, and presenting it to this Court in order to proceed. 42 U.S.C. §

2000e-5(b); *see Osby v. City of New York,* Fed. Appx. 2016 WL 403410 at *1 (2d Cir. Feb. 3,

2016).

("Before initiating a federal employment discrimination suit, a litigant must exhaust her claim in

accordance with EEOC regulations. . . .Exhaustion of administrative remedies through the EEOC

is an essential element of the Title VII and ADEA statutory schemes and, as such, a precondition

to bringing such claims in federal court"); *Zerilli Edelglass v. NYC Transit Auth.,* 333 F.3d 74,

76-77 (2d Cir. 2003) (upholding district court dismissal where plaintiff did not file a grievance

with the EEOC and did not obtain a right-to-sue letter); *Hewitt v. New York City Dept. of Health

and Mental Hygiene,* 09-CV-05705 RRM RLM, 2010 WL 5071996 at *5 (E.D.N.Y. Dec. 7,

2010), *affd,* 535 Fed. Appx. 44 (2d Cir. 2013) ("Federal courts must dismiss federal claims

which were not preceded by the filing of a timely EEOC charge."); *Wilkins v. New York City

Dept of Probation,* 2001 WL 262601 at *2 (S.D.N.Y. March 15, 2001) ("Timely filing of a

charge of discrimination with the EEOC is a prerequisite to filing a Title VII complaint in federal

6

court."); *Nurse v. City of New York,* 739 F. Supp. 811, 811-12 (S.D.N.Y. 1990) (Title VII claim dismissed for lack of proof that plaintiff attempted to or did obtain right-to-sue letter; incumbent upon plaintiff to demonstrate such).

Here, Plaintiff Abdel has indisputably failed to satisfy the statutory *pre-requisite* to commencing a lawsuit before this Court.  Nothing in Plaintiffs' Complaint remotely asserts that Abdel filed a complaint with the EEOC against Defendants alleging religious discrimination or anything else. (*Sinha Decl. Exhibit A*).  Nothing in the Complaint suggests that the EEOC issued a right-to-sue letter. *Id.* Indeed, given that Plaintiff alleged that he was terminated on December 18, 2015 (*Sinha Decl. Exhibit A,* ¶ 17), there plainly had not been sufficient time for plaintiff to have filed an EEOC claim and obtain a right-to-sue letter (normally issued after a 180-day investigation and conciliation period) by the date of the filing of the complaint 32 days later on January 20, 2016. See *Afzal v. Flushing Hosp., New York,* 2016 WL 1171546 at *2 (E.D.N.Y. March 23, 2016) (complaint dismissed where it "does not refer to the filing of such a charge with an administrative agency, and a right-to-sue letter is neither referenced in, nor attached to, the complaint"); *Klestadt v. Duncan,* 2016 WI, 816788 at *4 (E.D.N.Y. Feb. 26, 2016);  *Grey v. Promenade Rehab. and Care Ctr.,* 145 Fed.Appx. 705 (2d Cir. 2005) (upholding *sua sponte* dismissal where no EEOC right-to-sue letter was filed); *Floyd v. Lord & Taylor,* 96 Fed. Appx. 792, 793 (2d Cir. 2004) (upholding dismissal where plaintiff failed to submit any documentation showing that she had filed a complaint with the EEOC);

On May 2, 2016, or approximately three and-a-half months ***after*** Plaintiffs commenced this lawsuit, Plaintiffs belatedly filed a copy of a letter purporting to be a Complaint filed with the United States Equal Employment Opportunity Commission on April 18, 2016. (Dkt No. 16; *Sinha Decl., Exhibit B*). By doing so, Plaintiffs tacitly conceded that Plaintiff Abdel Selimovic

did not meet the preconditions for bringing a Title VII claim in federal court.   Counsel for

Plaintiffs did not provide any excuse for his failure to even write to the EEOC until more than

three months after he filed suit. Inexplicably, they waited four-and-a half months to file with the

Court, on November 15, 2016, a document purporting to be a *Notice of Right to Sue* letter issued

on June 28, 2016.  (Dkt. No. 18; *Sinha Decl., Exhibit C*).  Based on the above, the Title VII claim

must be dismissed for failure to exhaust required administrative remedies. *See* 42 U.S.C §§

2000e-5(e)(1), (f)(1) ("Obtaining a right-to-sue letter from the EEOC is a ***statutory prerequisite***

***to commencing a federal suit*** under Title VII…" *Kane v. 24/7 Real Media,* 14 Civ. 2482

(AT)(JLC), 2015 WL 1623832 at * 2 (S.D.N.Y. Apr. 7, 2015) *(quoting Best v. Duane Read*

*Drugs*, 14 Civ. 2648, 2014 WL 5810105 * 4 (S.D.N.Y. Nov. 6, 2014); emphasis added).

"[F]iling a timely charge with the EEOC and obtaining a right to sue letter are **prerequisites to**

**bringing a Title VII claim** in federal court." *Gachette v. Metro N. High Bridge,* 12 Civ. 3838

(AJN), 2013 WL 144947 at * 3 (S.D.N.Y. Jan. 14, 2013)(*citing Legnani v. Alitalia Linee Aeree*

*Italiane, S.P.A., 274 F.3d 683, 686* (2d Cir. 2001)); *see also Williams v. New York City Hous.*

*Auth.,* 458 F.3d 67, 70 (2d Cir. 2006); *Constantine v. U-Haul Intl., Inc.,* 15 Civ. 0104

(MAD)(CFH), 2015 WL 7272211 at * 2 (N.D.N.Y Nov. 16, 2015).

## POINT II

### THIS COURT LACKS JURISDICTION OVER DEFENDANT SOUTH SIDE ASSOCIATES, LLC, SINCE IT IS NOT PLAINTIFF, ABDEL SELIMOVIC'S EMPLOYER

For South Side Associates, LLC (herein "SSA" or "South Side") to be liable to the

Plaintiff for employment discrimination, Plaintiff must first show that SSA was Plaintiff's

employer.  However, the fact is that Plaintiff, Abdel Selimovic was never employed by South

Side (or its alleged agent, Weiss), but by a separate entity unrelated to South Side.   This requires dismissal of the Title VII claim against Defendants. (*See Weiss Aff.,* ¶¶ 1, 5-17).

To determine whether an entity is an employer, courts have considered the amount of control or supervision the defendant exerts over the means and manner of the employee's work performance.  *Gryga v. Ganzman*, 991 F. Supp. 105, 109 (E.D.N.Y. 1998).  Courts look to see whether an entity has "authority to hire or fire…, to supervise…work or conditions of employment, to determine [the] rate or method of pay, or to maintain records of…employment." *Kern v. City of Rochester,* 93 F.3d 38, 45 (2d Cir. 1996).  Other indicia include dictating personnel policies and controlling budgets.  *Houston v. Fidelity (National Financial Services),* 1997 WL 97838 * 12 (S.D.N.Y. March 6, 1997).

Defendants have provided ample documentation evincing that no employer-employee relationship existed between Plaintiff Adel Selimovic and SSA.  *(Weiss Aff., ¶¶ 1, 5-17, Ex. A and B)*.  SSA did not control Plaintiff's compensation, terms, conditions or privileges of his employment.  To that end, Plaintiff's W-2 form does not list SSA as his employer, nor did SSA pay plaintiff his salary.  (*Weiss Aff., Ex. B*).  Further, SSA did not issue Plaintiff's weekly paychecks, provide him with benefits, withhold his taxes, set his schedule, dock his pay when he was late, or retain authority to discharge him if circumstances warranted. *(Weiss Aff., ¶¶ 1, 5*-17). In short, SSA made no decisions concerning plaintiff's employment. Thus, Plaintiff's claim for employment discrimination against SSA should be dismissed.

**POINT III**

**SOUTH SIDE ASSOCIATES IS AN EXEMPT EMPLOYER
WITH FEWER THAN 15 EMPLOYEES AND
THEREFORE NOT SUBJECT TO TITLE VII**

Title VII requires that, in order to be subject to liability, an employer be "covered" by the

Act by employing 15 or more employees during 20 calendar weeks of the years in which

discrimination is alleged to have occurred. 42 U.S.C. § 2000e-2(b); *Arculeo v. On-Site Sales &*

*Mktg., LLC*, 425 F.3d 193, 195 (2d Cir. 2005);  *Grant v Pexie Enterprises, Inc.*, 13-CV-3584 FB

LB, 2015 WL 1137160, at *2 (E.D.N.Y. Mar. 13, 2015) (Plaintiff's burden to demonstrate that

Defendant falls within scope of statute); *Fitzgibbons v. Putnam Dental Ass., P.C.* 368 F. Supp.

339, 342 (S.D.N.Y. 2005)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 586 (1986)).  While not a jurisdictional requirement, a defendant is entitled to

obtain summary judgment if the number of employees is not enough to invoke coverage

under Title VII.  *Pershaud v. Ash & Peterkin Central Lock*, 2005 W.L. 1711 (S.D.N.Y.)

(citing *Drescher v. Shatkin*, 280 F.3d 201, 202-203 (2d Cir. 2002)).

SSA is not a covered employer under Title VII, as it has at all times material to this

action employed fewer than 15 employees. *(Weiss Aff., ¶¶ 9-10)*. Not surprisingly, the Complaint

does not allege that SSA had the requisite number of employees.  (*Sinha Decl. Ex.* A).  The

undisputed facts of this matter, as attested to in the affidavit of Joseph Weiss, the General

Manager of Garden Management LLC and as evinced by the weekly paystubs for Plaintiff and

forms W-2, clearly demonstrate that South Side was not Plaintiff's employer.  (*See Weiss Aff.*, ¶¶

1, 5-17, *Ex. B*).  Assuming *arguendo*, SSA was properly named as Plaintiff's employer, which it

was not, SSA was not operational during the period between 2014-2015 in which Plaintiff Abdel

Selimovic was working as described in the Complaint.  (*Weiss Aff., ¶¶ 9-10*).  Therefore it, *ipso*

10

*facto*, did not have 15 or more employees and is exempt from Title VII liability.  Thus, South

Side is not an employer as defined by Title VII and the claim must be dismissed with prejudice.

## POINT IV

### THE TITLE VII CLAIM SHOULD BE DISMISSED AS AGAINST DEFENDANT JOSEPH WEISS, SINCE INDIVIDUAL DEFENDANTS MAY NOT BE HELD PERSONALLY LIABLE UNDER THE STATUTE

Plaintiff has named Joseph Weiss in his individual capacity for the alleged violations of

Title VII.  As noted above, Joseph Weiss is neither an agent nor an employee of South Side.  The

Second Circuit has held that individual defendants with supervisory control over a plaintiff may

not be held personally liable under Title VII.  *Mandell v. Cty. of Suffolk*, 316 F.3d 368, 377 (2d

Cir. 2003)("under Title VII, individual supervisors are not subject to liability"); *Wrighten v.*

*Glowski*, 232 F.3d 119, 120 (2d Cir.2000) (per curiam); *Tomka v. Seiler Corp.*, 66 F.3d 1295,

1317 (2d Cir.1995). .  *See, e.g., Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010); *Gindi v*

*Bennett*, 15-cv-6475 (RRM)(MDG), 2016 WL 3461233, at *3 (E.D.N.Y. June 20, 2016),

*reconsideration denied sub nom. Gindi v New York City Dept. of Educ.*, 15-cv-6475

(RRM)(RER), 2017 WL 58833 (E.D.N.Y. Jan. 5, 2017) (and cases cited therein).  Therefore, the

Title VII Claim against Defendant Joseph Weiss should be dismissed.

## POINT V

### THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS

This is an action arising solely under federal question and supplemental jurisdiction

provisions of 28 U.S.C. §§1331 and 1367 respectively.  28 U.S.C. 1367(c) provides that: "[t]he

district courts may decline to exercise supplemental jurisdiction over a claim under subsection

(a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction ..."

Here, with the dismissal of Plaintiffs' only claim that purports to confer jurisdiction upon this Court, the remaining claims for breach of contract and negligence, which arise solely under state common law, should be dismissed. *Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006) ("it is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims"); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003); *Town of West Hartford v. Operation Rescue,* 915 F.2d 92, 104 (2d Cir. 1990); *Cruz v PS1 Contemporary Art Ctr.*, 10-cv-4899 (RRM)(JMA), 2011 WL 3348097 at *3 (E.D.N.Y. Aug. 1, 2011) (dismissing state law claims); *Hewitt v New York City Dept. of Health and Mental Hygiene*, 09-cv-05705 (RRM)(RLM), 2010 WL 5071996 at *6 (E.D.N.Y. Dec. 7, 2010), *aff'd*, 535 Fed. Appx. 44 (2d Cir. 2013).

It is well settled that:

> Pursuant to 28 U.S.C. § 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over state and city claims after the dismissal of all claims over which it had original jurisdiction. At this early stage of litigation, and to the extent that plaintiff seeks to bring them, state and city claims are more appropriately determined in a state forum due to interests of comity and efficiency. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir.2004) ("When, as in this case, a federal court dismisses all claims over which it had original jurisdiction, it must reassess its jurisdiction over the case by considering several related factors-judicial economy, convenience, fairness, and comity." (citation omitted)); *Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.* Y., 464 F.3d 255, 262 (2d Cir.2006) (where "federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims" (citations omitted)); *Beachum v. AWISCO N.Y & Local 810,* No. 09—CV-7399 (RJS), 2011 U.S. Dist. LEXIS 28856, at *45, 2011 WL 1045082 (Mar. 16, 2011) (federal district courts in New York "routinely decline to exercise supplemental jurisdiction over a plaintiffs NYCHRL claims after dismissing all federal claims" (collecting cases)).

*Cruz v. PS Contemporary Art Ctr.,* 10-cv-4899 (RRM)(JMA), 2011 WL 3348097 at *3 (E.D.N.Y. Aug. 1, 2011) (dismissing state law claims). *See Klein & Co. Futures, Inc. v Bd. of Trade of City of New York,* 464 F.3d 255, 262 (2d Cir. 2006) ("it is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims"); *Valencia ex rel Franco v. Lee,* 316 F.3d 299, 305 (2d Cir. 2003) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity- will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Town of West Hartford v. Operation Rescue,* 915 F.2d 92, 104 (2d Cir. 1990) ("it is well settled that 'if the federal claims are dismissed before trial ... the state claims should be dismissed as well.") *(quoting United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966)); *Hewitt v New York City Dept. of Health and Mental Hygiene,* 09-cv-05705 (RRM)(RLM), 2010 WL 5071996 at *6 (E.D.N.Y. Dec. 7, 2010), *aff'd,* 535 Fed. Appx. 44 (2d Cir. 2013); *see also Wegmann v. Young Adult Inst., Inc.,* 15-cv-3815 (KPF), 2016 WL 827780 at *11 (S.D.N.Y. Mar. 2, 2016) (dismissing state anti-discrimination law claims); *Raeburn v Dept. of Hous Preserv. and Dev. of the City of New York,* 10-cv-4818 (SLT)(MDG), 2015 WL 4016743 at *15 (E.D.N.Y. June 24, 2015); *Fitzgibbons v. Putnam Dental Assoc., P C.,* 368 F. Supp. 2d 339, 345 (S.D.N.Y. 2005) (declining, in its "considerable discretion," to exercise supplemental jurisdiction over state law claims); *Bernstein v. The MONY Group, Inc.,* 228 F. Supp. 2d 415, 420 (S.D.N.Y. 2002).

Here, no factors support this Court's retaining the state law claims. "In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity—the "Cohill factors." *Klein &*

13

*Co. Futures, Inc. v Bd of Trade of City of New York,* 464 F.3d 255, 262 (2d Cir. 2006) *(citing Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)). Given the early stage of the litigation, as the parties have yet to engage in discovery, there is no consideration of judicial economy, convenience, or fairness that weighs in favor of retaining jurisdiction over these purely state-law claims. Comity would strongly suggest that the claims be adjudicated by a New York state court.

Moreover, with the dismissal of the Title VII claim, there is no reason for this Court to commence consideration of the state law claims (as opposed to dismissing them in favor of their subsequent assertion in state court or appended to a later federal claim). Plaintiffs should be estopped from contending otherwise, as the fact that they brought the claims together evinces their position that the federal and state claims are related. If they now seek to take the view that the state law claims are *not* related to the federal claims and should proceed separately, the position is equally strong that they do not belong in federal court, with no apparent "common nucleus of facts" that binds them to the federal claim. Either way, dismissal of these claims is appropriate.

## POINT VI

## ALINA'S SOLE STATE LAW CLAIM MUST BE DISMISSED

Alina Selimovic makes no claim under any federal statute, and is not alleged to have been an employee of any Defendant. She has not alleged any basis for diversity jurisdiction, and plainly cannot, as she has alleged that all of the parties are New York residents. Thus, Plaintiff Alina has no jurisdictional basis for bringing her claim in this Federal Court proceeding.

It does not matter that Alina's father alleges a federal statutory claim; it is axiomatic that each plaintiff must have a jurisdictional basis for his or her entry to the Court. Nor does it matter

that Alina stayed in the same apartment as her father.  The "common nucleus of facts" test may have application to different claims by the same plaintiff, but does not render all claims of all plaintiffs that are similar to be brought in federal court, much less aggregated into one case.

Independently, of all of the foregoing reasons for dismissal of Plaintiff Abdel Selimovic's claims being applicable to Alina's claim, this constitutes a compelling reason for dismissal of her sole claim in this case.

15

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants South Side Associates, LLC, and Joseph Weiss's

Motion to Dismiss, or for Summary Judgment, should be granted.

Dated: New York, New York
      June 26, 2019                      By:   /s/  Rashmee Sinha
                                                RASHMEE SINHA, ESQ.
                                                NORRIS MCLAUGHLIN, P.A.
                                              875 Third Avenue, 8th Floor
                                              New York, New York 10022
                                              Tel: 917-369-8890
                                              Fax: 212-808-0844
                                              rsinha@norris-law.com
                                              *Attorneys for Defendants*
                                              *South Side Associates, LLC, and*
                                              *Joseph Weiss*

16