UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ABDEL SELIMOVIC and
ALINA SELIMOVIC,

                Plaintiffs,                        **MEMORANDUM AND ORDER**
                                                   16-CV-298 (RRM) (ST)

     - against -

SOUTH SIDE ASSOCIATES LLC and
JOSEPH WEISS,

                Defendants.
----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

       Abdel and Alina Selimovic bring this action against South Side Associates LLC ("South

Side") and Joseph Weiss, alleging violations of Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e *et seq.*, ("Title VII"), as well as breach of contract and negligence claims.

(Complaint ("Compl.") (Doc. No. 1).)  Defendants have now moved to dismiss the complaint

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and for summary judgment

pursuant to Federal Rule of Civil Procedure 56.  For the reasons set forth below, defendants'

motion to dismiss is granted with respect to Joseph Weiss.  Furthermore, Abdel Selimovic is

directed to show cause in writing within 30 days of the date of this Order as to why his Title VII

claim against South Side should not be dismissed for failure to exhaust his administrative

remedies and as to why South Side is not entitled to summary judgment based on its evidence

that it was not Selimovic's employer.

## BACKGROUND

### I.    Relevant Facts

       The facts set forth below are drawn from the Selimovics' complaint and are assumed to

be true for purposes of the motion to dismiss.

Between September 1, 2014, and December 17, 2015, Abdel Selimovic worked as a live-in superintendent for a building at 946 Bushwick Street, Brooklyn, NY 11221.  (Compl. at 3.)[1] The Selimovics claim that Abdel Selimovic was hired by Joseph Weiss, an agent of South Side, and employed as a superintendent by South Side.  (*Id.*)  As compensation for his work, Selimovic received a weekly salary and a basement apartment in the building.  (*Id.* at 4–5.)  His daughter, Alina Selimovic, lived with him in his apartment on the weekends.  (*Id.*)

The Selimovics allege that on or about August 11, 2015, Abdel Selimovic was driving with Joseph Weiss in Brooklyn when Weiss asked Selimovic, who is Muslim, "You're not bad like these Muslim people who do bad stuff?"  (Compl. at 3.)  Weiss allegedly persisted in questioning Selimovic about his religion and subsequently assigned Selimovic additional, uncompensated work at various buildings in Brooklyn.  (*Id.* at 4.)  The Selimovics allege that Weiss promised to pay Abdel Selimovic for this work, but never did.  (*Id.*)  On December 18, 2015, Abdel Selimovic was terminated as superintendent.  (*Id.*)  He alleges he is still owed $6,700 for his work as superintendent and approximately $116,700 for the additional labor he performed beyond his job duties.  (*Id.*)  Selimovic also alleges that the basement apartment in which lived while working as superintendent had uninhabitable conditions, "including possible exposure to asbestos, uncomfortable level of heat due to overhanging pipes, and inadequate ventilation."  (*Id.* at 5.)

## II.    Complaint

On January 20, 2016, Abdel and Alina Selimovic filed the instant complaint, alleging religious discrimination in employment in violation of Title VII, breach of contract based on Weiss's alleged oral promise to pay Abdel Selimovic for additional labor outside his job

---

[1] Page numbers refer to pagination assigned by the Electronic Case Filing system.

description, and negligence based on the living conditions in the basement apartment in which

the Selimovics lived.  (Compl. at 6–7.)  With respect to the Title VII claim, Abdel Selimovic did

not allege that he had exhausted his administrative remedies or had been issued a right-to-sue

letter by the Equal Employment Opportunity Commission ("EEOC").  (*See* Compl.)

On June 15, 2017, the Selimovics sought leave to amend the complaint in order to add a

claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  (6/15/2017 Letter

(Doc. No. 24) at 2.)  Plaintiffs attached a proposed amended complaint, which purported to add

an FLSA claim against the defendants.  (Proposed Amended Compl. (Doc. No. 24-1).)  The

proposed amended complaint, however, did not include a new FLSA cause of action.  (*Id.*)  It

also did not include allegations regarding an EEOC charge of discrimination or right-to-sue

letter.  (*Id.*)  The Court denied plaintiffs' request for leave to amend.  (Order of 3/27/2019.)

III.    **Motion to Dismiss and for Summary Judgment**

On April 15, 2016, defendants requested permission to move to dismiss based on

Selimovic's failure to exhaust his administrative remedies.  (Doc. No. 15.)  On May 2, 2016,

plaintiffs submitted to the Court a copy of a charge of discrimination Abdel Selimovic filed with

the EEOC on April 18, 2016, alleging the same discrimination claims contained in the instant

complaint.  (Doc. No. 16-1.)  Selimovic also submitted to the Court a request he made to the

EEOC on April 27, 2016, that the EEOC issue a right-to-sue letter prior to the conclusion of its

investigation.  (Doc. No. 16-2.)  The EEOC issued Selimovic a Notice of Right to Sue letter on

June 28, 2016.  (Right-to-Sue Letter (Doc. No. 18); *see also* Declaration of Rashmee Sinha (Doc.

No. 32-6), Ex. C.)

Defendants filed the instant motion on July 29, 2019.  Defendants first assert that the

Title VII claims must be dismissed because Abdel Selimovic did not file his charge of

3

discrimination prior to filing this action.  (Def.'s Memorandum in Support of Motion ("Mot.") (Doc. No. 32-2) at 13–15.)  Defendants go on to argue that the Title VII claims fail because Title VII claims cannot be brought against individuals such as Weiss, because South Side is an exempt employer with fewer than 15 employees, and because South Side was not Abdel Selimovic's employer.  (*Id.* at 15–18.)  South Side does not dispute that Selimovic was hired by Weiss, but submits an affidavit from Weiss stating that he interviewed and hired Abdel Selimovic to work as a superintendent for Garden Management LLC ("Garden Management"), not South Side, that Garden Management paid Selimovic's bi-weekly paycheck from August 30, 2014, through December 4, 2015, and that South Side was not operating in 2014 and 2015.  (Affidavit of Joseph Weiss ("Weiss Aff.") (Doc. No. 32-3) ¶¶ 5–6, 9–14.)  Weiss attaches to his affidavit paystubs for Selimovic's bi-weekly paychecks from Garden Management LLC dating from September 2014 through December 2015.  (Weiss Aff., Ex. B.)  Weiss also attaches to his affidavit W-2 forms showing that he was employed by Garden Management LLC in 2014 and 2015.  (Weiss Aff., Ex. A.)

Because the Selimovics' remaining claims are state law claims, defendants argue that the Court should not exercise supplemental jurisdiction over those claims and should dismiss them along with the Title VII claims.  (*Id.* at 18–21.)  Finally, defendants argue that Alina Selimovic brings no federal statutory claim, and therefore, the Court should not exercise supplemental jurisdiction over any state law claim she asserts because they are unrelated to the alleged Title VII violation.  (*Id.* at 21–22.)

In response to the motion, plaintiffs submit a short affirmation from attorney Gregory Koerner.  (Affirmation of Gregory Koerner, Esq., in Opposition ("Koerner Aff.") (Doc. No. 32-11).)  In his sworn affirmation, Koerner responds to South Side's claim that it was not Abdel

4

Selimovic's employer and that it had less than 15 employees, writing, "[T]his office [has] not received any documentary evidence that Plaintiff was employed by a separate entity, nor any documentary evidence showing that Defendant does not employ fifteen or more employees." (Koerner Aff. at 1.)  In response to defendants' argument that Weiss cannot be held individually liable under Title VII, Koerner argues that plaintiffs have satisfied the requirements to establish individual liability under the FLSA.  (Koerner Aff. at 1–2.)

Koerner goes on to reiterate the allegations contained in the complaint and states that they satisfy the standard for surviving a motion to dismiss under New York CPLR 3211(a)(7). (Koerner Aff. at 2–3.)  Finally, Koerner maintains that summary judgment would be premature, writing, "No discovery in the instant matter has yet been taken and, as such, Plaintiff's [sic] motion for Summary Judgment must be denied."  (*Id.* at 4–5.)

## STANDARD OF REVIEW

"A district court must dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court 'lacks the statutory or constitutional power to adjudicate it.'" *Mahon v. Johnson*, 321 F. Supp. 3d 320, 323 (E.D.N.Y. 2018) (quoting *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 418 (2d Cir. 2015)).  A case is properly dismissed for failure to state a claim under Rule 12(b)(6) when the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are substantively identical."

*Feldheim v. Fin. Recovery Servs., Inc.*, 257 F. Supp. 3d 361, 365 (S.D.N.Y. 2017) (quoting

*Gonzalez v. Option One Mortg. Corp.*, No. 12-CV-1470 (CSH), 2014 WL 2475893, at *2 (D.

Conn. June 3, 2014)).  For both motions, the Court accepts the allegations in the complaint as

true and draws all inferences based on those allegations in the plaintiff's favor.  *Gonzalez*, 2014

WL 2475893, at *2.  "On a Rule 12(b)(1) motion, however, the party who invokes the Court's

jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists,

whereas the movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6)."  *Id.*

Summary judgment is appropriate when the pleadings, depositions, interrogatories, and

affidavits demonstrate that "there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986).  A fact is "material" if it may impact the "outcome of the suit under

the governing law."  *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v.

Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A genuine issue of material fact exists "if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Roe v.

City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson*, 477 U.S. at 248).

### DISCUSSION

### I.    Title VII Claim Against Joseph Weiss

Selimovic's Title VII claim must be dismissed.  Individuals may not be held personally

liable for violations of Title VII.  *See Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 221 (2d

Cir. 2004) ("[W]e note that 'individuals are not subject to liability under Title VII.'" (quoting

*Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam))); *see also Figueroa v.

RSquared NY, Inc.*, 89 F. Supp. 3d 484, 492 (E.D.N.Y. 2015) ("Individual defendants may not be

held personally liable for alleged violations of Title VII."); *Perry v. State of New York Dep't of*

*Labor*, 02-CV-7566 (LBS), 2003 WL 22327887, at \*1 (S.D.N.Y. Oct. 10, 2003) (dismissing Title VII claims against individual supervisors because "the Second Circuit has unambiguously denied" that Title VII supports liability for individual supervisors for discriminatory conduct). Weiss, as an individual, is not subject to Title VII liability.  Plaintiffs make no substantive response to defendants' argument that Weiss cannot be held liable, (Mot. at 18), contending only that they have satisfied the pleading requirements for Weiss to be held liable under the Fair Labor Standards Act, a statute under which they have not brought a claim.  (Koerner Aff. at 1– 2.)  Because Weiss cannot be held liable under Title VII, Selimovic's Title VII claim against Weiss must be dismissed.

## II.     Failure to Exhaust

A claimant may bring a Title VII claim in "in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter."  *Legnani v. Alitalia Linee Aeree Italiane, S.P.A*, 274 F.3d 683, 686 (2d Cir. 2001).  This form of administrative exhaustion is "a precondition of suit" that may be cause for dismissal "subject to equitable defenses."  *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015).  Because exhaustion of administrative remedies is not a jurisdictional requirement, a motion to dismiss for failure to exhaust is properly brought under Rule 12(b)(6) as opposed to Rule 12(b)(1).  *See, e.g.*, *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 593 (E.D.N.Y. 2013).

Despite filing this action on January 20, 2016, Selimovic concedes that he filed his charge of discrimination on April 18, 2016, (*see* Letter of 5/2/2016 (Doc. No. 16) at 1), and received his right-to-sue letter on June 28, 2016, (*see* Right-to-Sue Letter).  Selimovic thus failed to exhaust his administrative remedies before bringing this action.

Selimovic makes no argument in his opposition brief, based on equitable considerations or otherwise, as to why the Court should not dismiss this action for failure to exhaust administrative remedies.  (Opp. at 1–5.)  Because failure to exhaust is a basis for dismissal "subject to equitable defenses," and Selimovic has presented no argument with respect to such defenses, the Court directs Selimovic to show cause in writing within 30 days of the date of this Order as to why this action should not be dismissed for failure to exhaust.  *See Fowlkes*, 790 F.3d at 384.

## III.    Evidence Regarding Abdel Selimovic's Employer

While summary judgment is often premature when sought before the parties have engaged in discovery, a motion for summary judgment prior to discovery is appropriate where the Court is "'satisfied that the parties are not taken by surprise or deprived of a reasonable opportunity to contest facts averred outside the pleadings' and the issues involved are 'discrete and dispositive.'"  *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 165 (S.D.N.Y. 2006) (quoting *AdiPar Ltd. v. PLD Int'l Corp.,* No. 01-CV-765 (MBM), 2002 WL 31740622, at *4 (S.D.N.Y. Dec. 4, 2002)).  "A litigant may resist a summary judgment motion by asserting the need for additional discovery, but in so doing must comply with the requirements of Federal Rule of Civil Procedure 56(d) by submitting an affidavit that includes 'the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful.'"  *Whelehan v. Bank of Am. Pension Plan for Legacy Companies-Fleet-Traditional Ben.*, 621 F. App'x 70, 73 (2d Cir. 2015) (summary order) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994)).

8

South Side has put forth evidence that may be sufficient to establish that it was not Selimovic's employer. Selimovic maintains that he was hired by Joseph Weiss around September 1, 2014, to work as a superintendent. (Compl. ¶¶ 8, 12.) South Side does not dispute that fact, but instead maintains that Selimovic was never hired by Weiss to work for South Side. (Mot. at 15.) South Side submits with its motion bi-monthly paystubs for Abdel Selimovic showing that his salary was paid by a company called Garden Management LLC during the years he states he was employed by South Side. (Weiss Aff., Ex. B.) South Side also submits an affidavit from Weiss stating that, around August 2014, he "interviewed and made the decision to hire Mr. Selimovic to work as a Superintendent for Garden Management LLC." (Weiss Aff. at 2.) According to Weiss, "South Side Associates, LLC was not operational during the period between 2014-2015 in which plaintiff alleges he was working as described in the Complaint." (*Id.*)

Selimovic makes no substantive response to this claim or to South Side's evidence in support of it. In the opposition, counsel for Selimovic merely responds, "Defendants allege that they are not the employer of the Plaintiff, however, this office [has] not received any documentary evidence that Plaintiff was employed by a separate entity . . . ." (Koerner Aff. at 1.) This response ignores the documentary evidence attached to defendants' motion, as well as Weiss's sworn testimony. To the extent Selimovic advances any argument that defendants are the proper party to this lawsuit, he only argues that *Weiss* "dealt exclusively with the Plaintiff in regard to the terms of his employment." (Opp. at 2.) Yet Weiss does not provide a basis for South Side's liability in this action, particularly given the fact that Weiss submitted a sworn statement that he hired Selimovic to work for a different company. (Weiss Aff. at 2.)

Selimovic has arguably failed to carry his burden of coming forward with facts to establish that there is a genuine issue of fact for trial on this point.  *See Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 587.  Evidence regarding his own employer is precisely the sort of evidence the Court can reasonably expect would be available to Selimovic prior to discovery. And even if it were not, Selimovic provides the Court with no basis to conclude he was "taken by surprise" or "deprived of a reasonable opportunity to contest [these] facts" regarding his employment.  *Access 4 All, Inc.*, 458 F. Supp. 2d at 165.  Counsel for Selimovic does submit a sworn affirmation stating, "No discovery in the instant matter has yet been taken and, as such, Plaintiff's [sic] motion is premature and must be denied."  (Koerner Aff. at 4–5.)  But under Federal Rule of Civil Procedure 56(d), a plaintiff's affidavit asserting the need for discovery is only sufficient to resist summary judgment if it states "'the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful.'" *Whelehan*, 621 F. App'x 73 (quoting *Paddington Partners*, 34 F.3d at 1138).  Koerner's affirmation does none of this.

The Court is reluctant to grant judgment pre-discovery without giving Selimovic the opportunity to provide a substantive response on this issue, or at least a response explaining why discovery is necessary.  Accordingly, the Court directs Selimovic to show cause in writing within 30 days of the date of this Order why South Side is not entitled to pre-discovery judgment based on the evidence that it was not Abdel Selimovic's employer.

## IV.    State Law Claims

Once a plaintiff's federal claims have been dismissed, "a district court is well within its discretion to decline to assert supplemental jurisdiction over any state law claims."  *One*

10

*Commc'ns Corp. v. J.P. Morgan SBIC LLC*, 381 F. App'x 75, 82 (2d Cir. 2010) (summary order); *see also Sullivan v. City of New York*, No. 10-CV-38 (NRB), 2011 WL 3806006, at *6 (S.D.N.Y. Aug. 29, 2011) ("[W]here federal claims are dismissed before trial, the state [claims] should be dismissed as well." (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998))). Because the Court may yet grant judgment on or dismiss Selimovic's sole federal claim, the Court declines to address the Selimovics' state law claims at this time.  If, however, Abdel Selimovic fails to show cause as to why his Title VII claim should not be dismissed for the reasons explained above, the Court will decline to exercise jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(c).

**CONCLUSION**

For the reasons set forth above, defendant Joseph Weiss's motion to dismiss Abdel Selimovic's Title VII claim is granted.  The Clerk of Court is respectfully directed to enter judgment for Weiss on Abdel Selimovic's Title VII claim.  Furthermore, Abdel Selimovic is

ORDERED to show cause in writing within 30 days of the date of this Order as to why his Title VII claim should not be dismissed for failure to exhaust and as to why South Side is not entitled to summary judgment on the Title VII claim on the basis that it did not employ Selimovic.  If Selimovic fails to comply with this Order, judgment may enter against him.

SO ORDERED.

Dated: Brooklyn, New York
       May 18, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge